Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case 1:24-cv-00170-MSM-LDA   Document 1   Filed 04/29/24   Page 1 of 19 PageID #: 98

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ROBERT J. ROBINSON & GLENDA ROBINSON; GAIL ULLMAN; AUGUSTO S. VALE; ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO; NORMA R. SMITH; ON BEHALF OD THEMSELVES AND ALL OTHERS SO SIMILARLY SITUATED, | Case No: |
| Plaintiffs. |  |
| v. |  |
| CALIBER HOME LOANS, INC.; |  |
| U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST |  |
| U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST |  |
| Defendants. |  |

## NOTICE OF REMOVAL

Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of removal of Providence County Superior Court Case No. PC-2024-00597 to this court.

## I. STATEMENT OF THE CASE

Plaintiffs Robert J. Robinson & Glenda Robinson, Gail Ullman, Augusto S. Vale, Elaine Durrell Frye, Diane M. Chirchirillo, Norma R. Smith, on behalf of themselves and all others similarly situated, commenced the state court action in Providence County Superior Court on

January 31, 2024.  A copy of the complaint is attached as **Exhibit A**.

The complaint seeks, among other things, damages and declaratory judgments that "foreclosures and mortgagees foreclosure sales of the Plaintiffs' properties by Defendants are void due to Defendants' breaches of contract and breaches of condition precedents to the Statutory Power of Sale… ." (Compl. Count 1).  Plaintiffs ask the court to enter a declaratory judgment "determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of [plaintiffs'] properties are void[.]"  (Compl. ¶ 278).  They also ask the court to return them "to their status and circumstances prior to the foreclosure, and sale of their properties" and award "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]"  (Compl. ¶¶ 280-281).

## II.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION AND CAFA

### A.    Diversity Jurisdiction

Diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a)(1).

#### i.      Complete Diversity Exists

There must be complete diversity between the plaintiffs and all defendants to meet the diversity requirement. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The plaintiffs are Rhode Island and Florida citizens.  Plaintiff Diane Chirchirillo alleges she is located in Sun City, Florida.  (Compl. ¶ 20.)  The remaining plaintiffs allege they are located in Rhode Island.  (Compl. ¶¶ 16-25.)

Caliber is a Delaware and Texas citizen.  For diversity purposes, a corporation is a citizen of both the state of where it is incorporated and state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Caliber is incorporated in Delaware and has its principal place of business in Texas.

2

U.S. Bank Trust, National Association is sued in its capacity as trustee for two named trusts, LSF8 Master Participation Trust and LSF9 Master Participation Trust. Its citizenship controls for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980). U.S. Bank Trust is a Delaware citizen because it is a national banking association and its articles of association establish its main office there. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306-07 (2006).

**ii.     The Amount in Controversy Exceeds $75,000.00**

"Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004). In a declaratory judgment action, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wa. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

The amount in controversy exceeds $75,000.00 because plaintiffs seek to void the foreclosure and foreclosure sales of six properties below, all of which have a current value exceeding $75,000.00:

1.     807 Pontiac Avenue, Cranston, Rhode Island 02910 (Compl. ¶ 16)

2.     39 Burns Street, Providence, Rhode Island 02904 (Compl. ¶ 17)

3.     44 Adams Avenue, East Providence, Rhode Island 02915 (Compl. ¶ 18)

4.     57 Helen Avenue, Coventry, Rhode Island 02816 (Compl. ¶ 19)

5.     270 Taft Street, Pawtucket, Rhode Island 02860 (Compl. ¶ 20)

6.     1196-1198 Main Street, Coventry, Rhode Island 02816 (Compl. ¶ 21)

Where, as here, a plaintiff challenges the enforcement of a mortgage loan including through foreclosure, the "object of the litigation" is the property at issue and the subject mortgage loan.

3

See *Morse v. Res. Cr. Solns., Inc.*, No. 11-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 3, 2012) (citing *Bedard v. Mortgage Electronic Registration Sys., Inc.*, No. 11-cv-17-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases)); *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp.2d 242, 245-46 (D. Mass. 2011); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012); *see also Borges v. Bank of N.Y. Mellon,* No. 1:13-cv-02623-WBH, 2014 WL 12042548, at *2 (N.D. Ga. Aug. 27, 2014) (using property value to find amount in controversy requirement satisfied where plaintiff sought to "cancel" an assignment and foreclosure deed); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-03519, 2012 WL 1016121, at *5 (S.D. Tex. Mar. 23, 2012) (value of property determined amount in controversy even where foreclosure has already occurred because mortgagors sought "reinstatement of title to the home upon which the Defendants have foreclosed."). Moreover, Plaintiffs allege that the allegedly unauthorized and wrongful foreclosure sales have resulted in damages including, but not limited to, "the current fair market value of their properties." (Compl. ¶ 223).

True and correct copies of property records available from the tax assessors for the cities and towns in which each of the six properties are located are attached as **EXHIBIT B**.

## B.    Class Action Fairness Act

This court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 pursuant to 28 U.S.C. §§ 1332(d), 1453 (**CAFA**) because (**1**) plaintiffs allege the putative class contains "hundreds of individuals"; (**2**) the citizenship of at least one class member is different than that of any defendant; and (**3**) the aggregate amount placed in controversy by plaintiffs and the putative class members' claims is likely to exceed $5 million, exclusive of interest and costs.

### i.    Number of Class Members

The complaint confirms the number of individuals in the putative class exceeds 100.

Plaintiffs allege "the class encompasses hundreds of individuals." (Compl. ¶ 236).

### ii.     Diversity

As set forth above, CAFA's minimum diversity requirement is satisfied where, as here, at least one member of the potential class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### iii.     The Aggregate Amount in Controversy Exceeds $5 million

Under CAFA, the claims of all putative class members in a class action are aggregated to determine if the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

The class action complaint defines a proposed class of plaintiffs whose properties were foreclosed in violation of R.I.G.L. § 19-14.11-1 between July 1, 2015 and December 28, 2016. (Compl. ¶ 221). These class members each seek an order returning them "to their status and circumstances prior to the foreclosure, and sale of their properties" and an award of "actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, [and] equitable relief[.]" (Compl. ¶¶ 280-281). Plaintiffs' six properties alone are valued at nearly $2 million according to the most recent assessor records. (*See* **EXHIBIT B**). Adding in the property values of the properties formerly owned by the "hundreds" of unnamed class members, the aggregate amount in controversy will exceed $5 million.

### III.  ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

1.      Caliber's removal is timely under 28 U.S.C. § 1446(b). Plaintiffs mailed the summons and complaint to "Caliber Home Loans, Inc., 1525 S. Belt Line Rd, Coppell, Texas 75019" via certified mail on February 23, 2024. Caliber received the mailing on February 28, 2024, and files this removal within 30 days thereafter.

2.      This court is the appropriate forum. Plaintiffs filed suit in Providence, Rhode Island. The United States District Court for the District of Rhode Island is the federal district court

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case 1:24-cv-00117-MSM-LDA Document 1 Filed 03/29/24 Page 6 of 19 PageID #: 103

embracing Providence.

3.      Copies of all process and pleadings filed in the state court action and served on Caliber are attached as **Exhibits A and C** (docket, complaint and summons).

4.      All Defendants consent to removal.  The undersigned also represents Defendants U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust and U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, and they both consent to removal.

5.      Caliber will promptly file a copy of this notice of removal with the clerk of the Superior Court for Providence County and will serve such notice on Plaintiffs under 28 U.S.C. § 1446(d).  A copy of the Notice to the Clerk of the Providence County Superior Court is attached hereto as **Exhibit D**.

6.      Pursuant to Local Rule 81(a), Caliber will do what is necessary to enable the state court clerk to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in state court.

7.      By this notice, Caliber does not waive any objections to service, jurisdiction, venue, or any other defenses or objections it may have.  Caliber reserves all defenses, motions, and pleas. Caliber prays that the action be removed to this court, all further proceedings in the state court be stayed, and Caliber receive all additional relief to which it is entitled.

## IV.  CONCLUSION

**WHEREFORE**, Defendant Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust gives notice that Case No. PC- 2024-00597 pending in the Providence County Superior Court is removed to the United States District Court for the District of Rhode Island.

6

Respectfully submitted,

**Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust**

By its attorneys,

/s/ *Zachary W. Berk*

Zachary W. Berk (Bar #7453)
Paige Schroeder (Bar #9165)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com
Paige.Schroeder@saul.com

Dated: March 28, 2024

## CERTIFICATE OF SERVICE

I, Zachary W. Berk. hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

Date:   March 28, 2024                    /s/ Zachary W. Berk

Zachary W. Berk

# EXHIBIT A

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case 1:24-cv-00105-MSM-PAS Document 1-2 Filed 03/29/24 Page 2 of 84 PageID #: 106

# Providence/Bristol County Superior Court

## Case Summary

### Case No. PC-2024-00597

| | | | |
|---|---|---|---|
| **Robert Robinson et al. v. Caliber Home Loans, Inc. et al.** | § | Location: | **Providence/Bristol County Superior Court** |
| | § | Filed on: | **01/31/2024** |

---

## Case Information

| | |
|---|---|
| Case Type: | Real Property |
| Case Status: | **01/31/2024 Unassigned** |

---

## Party Information

| Plaintiff | | |
|---|---|---|
| | **Chirchirillo, Diane** | **Dion, Todd** *Retained* |
| | **Frye, Elaine Durrell** | **Dion, Todd** *Retained* |
| | **Robinson, Glenda** | **Dion, Todd** *Retained* |
| | **Robinson, Robert L** | **Dion, Todd** *Retained* |
| | **Smith, Norma R** | **Dion, Todd** *Retained* |

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

**Ullman, Gail**                                             **Dion, Todd** *Retained*

**Vale, Augusto S**                                          **Dion, Todd** *Retained*

**Defendant**  **Caliber Home Loans, Inc.**

**U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust**

**U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**

---

## Case Events

| | |
|---|---|
| 01/31/2024 | Complaint Filed |
| 01/31/2024 | Summons |

---

## Financial Information

**Plaintiff**  Robinson, Robert L

| | | |
|---|---|---:|
| Total Financial Assessment | | 180.75 |
| Total Payments and Credits | | 180.75 |
| **Balance Due as of 03/27/2024** | | **0.00** |
| 01/31/2024  Transaction Assessment | | 180.75 |
| 01/31/2024  Electronic Payment | Receipt # SCP-2024-001197 | (180.75) |

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4516402
Reviewer: Dianna J.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4516402
Reviewer: Dianna J.

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**PROVIDENCE, SC**

|  |  |
|---|---|
| ROBERT J. ROBINSON & GLENDA ROBINSON; | ) |
| GAIL ULLMAN; AUGUSTO S. VALE; | ) |
| ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO; | ) CA. NO. |
| NORMA R. SMITH; | ) CLASS ACTION |
| ON BEHALF OF THEMSELVES AND ALL OTHERS | ) COMPLAINT |
| SO SIMILARLY SITUATED | ) JURY DEMANDED |

                              *PLAINTIFFS*

V.

CALIBER HOME LOANS, INC.;

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8
MASTER PARTICIPATION TRUST

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST

                              *DEFENDANTS.*

## INTRODUCTION

1.       The Representative Plaintiffs, Robert J. Robinson & Glenda Robinson, Gail Ullman,

Augusto S. Vale, Elaine Durrell Frye, Diane M. Chirchirillo, and Norma M. Smith, on behalf of

themselves and all others so similarly situated, bring this class action as described in the paragraphs

set forth herein. The Representative Plaintiffs seek damages and declaratory judgments that

foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void

due to Defendants' breaches of contract and breaches of condition precedents to the Statutory

Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing

and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1. Said statute and mortgage

contracts required that the Defendant "first obtain" a third-party servicing license with the State of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00XXX-WES-LDA   Document Filed 03/29/24   Page 12 of 42   PageID #: 109

Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

2.    Additionally, Representative Plaintiffs, on behalf of themselves and all other so similarly situated, hereby bring a separate class action count for breaches of contract based on the Defendants' collecting of illegal and unlicensed third party loan servicing fees and advances "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

3.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances collected or yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

4.    Representative Plaintiffs set forth that they be credited for all illegal unlicensed servicing fees and advances "involving" their mortgage loan accounts for the Defendants' breach of their

2

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/12/2024 9:09 AM
Envelope: 4631202
Reviewer: Dianna J.

Case 1:24-cv-00279-JJM-LDA Document Filed 06/03/29/24 Page 848 Page 13D #:
110

mortgage loan accounts. The Class Plaintiffs in the servicing fee class consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not the properties were foreclosed on and whose mortgages contain the above provision or similar language that the Defendants' collection of illegal and unlicensed servicing fees and advances are subject to "applicable law".

5.      The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the untimely loss of property due to the Defendants' misconduct as well as for the illegal unlicensed third-party loan servicing fees and advances that the Defendants yielded from the Plaintiffs' loan accounts.

## JURISDICTION AND VENUE

6.      Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of

3

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

12.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

13.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

14.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

15.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

4

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:09 AM
Envelope: 4516402
Reviewer: Dianna J.

## PARTIES

16.      Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is one of the "subject properties" referenced herein. They are located at 27 Berkley Street, Cranston, RI 02910.

17.      Representative Plaintiff, Gail Ullman, claims to be the rightful owner of 39 Burns Street, Providence, RI 02904, which is one of the "subject properties" referenced herein. She is located at 168 Pomona Avenue, Providence, RI 02908.

18.      Representative Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East Providence, RI 02915, which is one of the "subject properties" referenced herein. She is located at 67 Lorraine Avenue, Pawtucket, RI.

19.      Representative Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue, Coventry, RI 02816 which is one of the "subject properties" referenced herein. They are located at 480 South County Trail #127, Exeter, RI 02822.

20.      Representative Plaintiff, Diane Chirchirillo, claims to be the rightful owner of 270 Taft Street, Pawtucket, RI 02860, which is one of the "subject properties" referenced herein. She is located at Sun City Center, FL 33573.

21.      Representative Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street, Coventry, RI 02816, which is one of the "subject properties" referenced herein. She is located at 684 Washington Street, Apt 4, Coventry, RI 02816.

22.      Defendant, Caliber Home Loans, Inc., is a mortgage servicer located at 1525 S Belt Line Rd,, Coppell, TX 75019. Caliber failed to "first obtain" a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant U.S. Bank in order to notice, publish and invoke the Statutory Power of Sale on the

5

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.
Case 1:24-cv-00279-JJM-LDA Document 2 Filed 06/03/29/24 Page 846 Page 79D Page ID #:
113

properties of Class Plaintiffs. Caliber further was not permitted by applicable law and the mortgage contracts to collect a wide variety of servicing related fees including but not limited to servicing fees and advances taken from the interest on the Plaintiffs' mortgage loan accounts.

23.     Defendant, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Robinson, Ullman, and Vale's Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

24.     Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Frye, Chirchirillo, and Smith's, Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

25.     At all times herein mentioned, Defendants, Caliber and U.S. Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

26.     Defendants, Caliber and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

**ALLEGATIONS OF THE REPRESENTATIVE ROBINSON PLAINTIFFS**

27.     The Robinson Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

28.     Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is the "subject property" referenced herein.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 5/31/2024 9:09 AM
Envelope: 4631507
Reviewer: Dianna J.

29.     On or before October 30, 2001, the Robinson Plaintiffs were conveyed the subject property.

The Deed granting the property to Plaintiff was recorded in the City of Cranston Land Evidence

Records in Book 1544 at Page 44 on October 31, 2001.

30.     On June 23, 2005, the Robinson Plaintiffs executed a promissory note and mortgage deed

in favor of Mortgage Electronic Registration Systems as Mortgagee and Capital One Home Loans,

LLC as lender. ("Robinson Mortgage/Note"). The Robinson Mortgage was recorded in the City of

Cranston Land Evidence Records in Book 3172 at page 1 on October 13, 2005.

31.     The Robinson Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
> following Borrower's breach of any covenant or agreement in this Security
> Instrument...The notice shall specify: (a) the default; (b) the action required to cure
> the default; (c) a date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure to cure the default
> on or before the date specified in the notice may result in acceleration of the sums
> secured by this Security Instrument and sale of the Property. The notice shall further
> inform Borrower of the right to reinstate after acceleration and the right to bring a
> court action to assert the non-existence of a default or any other defense of Borrower
> to acceleration and sale. If the default is not cured on or before the date specified in
> the notice, Lender at its option may require immediate payment in full of all sums
> secured by this Security Instrument without further demand and may invoke the
> STATUTORY POWER OF SALE and any other remedies permitted by Applicable
> Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies
> provided in this Section 22, including, but not limited to, reasonable attorneys' fees
> and costs of title evidence.
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of
> a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice
> of sale, and the Property shall be sold in the manner prescribed by Applicable Law.
> Lender or its designee may purchase the Property at any sale. The proceeds of the sale
> shall be applied in the following order: (a) to all expenses of the sale, including, but
> not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security
> Instrument; and (c) any excess to the person or persons legally entitled to it.

32.     On May 1, 2015, the mortgage was assigned to U.S. Bank.  Said purported "Assignment

of Mortgage" was recorded in the City of Cranston Land Evidence Records in Book 5060 Page

268 on May 20, 2016.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:08 AM
Envelope: 4466402
Reviewer: Carol M.

Case 1:25-cv-00114-JJM-PAS Document 1-2 Filed 03/28/25 Page 18 of 84 PageID #: 115

33.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

34.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

35.     R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract".*

36.     After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of the Robinson's residential mortgage.     The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Robinson loan.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4535402
Reviewer: Carol M.
Viewer: Dianna J.

Case 1:24-cv-00241-JJM-DDA Document 1-2 Filed 03/28/2024 Page 32 of 84 Page ID #:
116

37.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Robinson loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Robinson loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

38.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Robinson loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Robinson's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

39.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

40.     The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Robinson loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

41.     Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

9

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4468402
Reviewer: Dianna J.

Case 1:24-cv-00155-JJM-DDOCUM Document 2-2 Filed 03/29/24 Page 24 of 29 PageID #:
117

42. Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such charges are "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

43. Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

44. Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on the Robinson residential property.

45. In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Robinson by sending periodic mortgage statements, sent Robinson notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and

10

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/3/2024 9:09 AM
Envelope: 4551292
Reviewer: Dianna J.

M-DDocumenducanemFBed B3/2B/023429/Page Pagef 84 6fage9DPage2D #:
118

publications to foreclose on the Robinson residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Robinson' residence with Defendant, U.S. Bank's consent.

46.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

47.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

48.     Further, R.I.G.L. § 19-14-26 set criminal penalties for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

49.     On or about July 23, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, paid for, hired attorneys and thus caused to be sent to the Robinson Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 15,

11

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.

Case 1:24-cv-00115M-DD Document 3-1 Filed 03/28/2024 Page 23 of 34 PageID #:
119

2015. Caliber also caused to published said notice on August 25, 2015, September 1, 2015 and September 8, 2015.

50. The Robinson Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on July 23, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

51. The Robinson Plaintiff alleges, that on or about September 15, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank, paid for and hired foreclosure/eviction attorneys, paid for and hired auctioneers, paid for and hired newspapers for publications, and caused the untimely foreclosure on the Robinson Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

52. The Robinson Plaintiffs allege, that on January 11, 2016, Caliber authorized the execution of a Foreclosure Deed and a mediation affidavit pursuant to R.I.G.L. 34-27-3.2 as third-party loan servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the City of Cranston Land Evidence Records in Book 5171 at Page 283. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court SM-DOCument 1-2 enFiled 03/28/2024/Page Page 23 of 33 6 age 40 Page 25 #:
Submitted: 4/31/2024 9:09 AM
Entered: 4/31/2024 9:09 AM
Reviewer: Clerk #02
Reviewer: Dianna J.
120

53.    The Robinson Plaintiffs allege, that the foreclosure and sale conducted by Defendants, Caliber and U.S. Bank, are in breach of paragraph 22 of the Robinson Mortgage, which requires that [the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies in the manner prescribed by Applicable Law (Emphasis Added).

54.    As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Defendants, are subject to ""applicable law"" and the property secured by the Robinson Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". See Andrade v. Ocwen Loan Servicing, LLC, et. al., C.A. No. 18-385 WES (Dist. R.I. September 24, 2019) ("The Court agrees with Magistrate Judge Almond that Plaintiffs state a plausible breach of contract claim, as "[i]t does not take a leap of logic to conclude that a mortgagor who engages an unlicensed loan servicer to effectuate a foreclosure is not acting in a manner prescribed by applicable law." R&R 6.)

55.    As all actions of Caliber in paying for, hiring attorneys and auctioneers, authorizing the execution of the foreclosure deed and 3.2 affidavits in support of foreclosure, and initiating and effectuating the foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Robinson Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

56.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Robinson Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

13

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.

Case 1:24-cv-00118-MSM-PAS   Document 1   Filed 03/28/24   Page 24 of 179 PageID #: 121

prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency,</u> <u>et al.,</u> C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re</u> <u>Demers,</u> 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

57.     Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan account that were taken from the payments and/or liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally collected from the Plaintiffs' loan account. Such illegal and unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage, or a similar mortgage provision, as well as R.I.G.L. § 19-14-26.1(b).

58.     The Robinson Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC,</u> C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

59.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Robinson Plaintiffs for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere.

### **ALLEGATIONS OF THE REPRESENTATIVE ULLMAN PLAINTIFFS**

60.     The Ullman Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

61.     Plaintiff, Gail Ullman., claims to be the rightful owner of 39 Burns Street, Providence, RI 02904 which is the "subject property" referenced herein.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/31/2024 9:09 AM
Envelope: 4565402
Reviewer: Dianna J.
Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/31/2024 9:09 AM
Envelope: 4565402
Reviewer: Dianna J.
M-DOAumEnnd u2nenFáed 03é2B03429/P4age R8gof 28 6áfag29Pág2́7D #:
122

62.     On March 3, 2000, the Ullman Plaintiff was conveyed the subject property. The Deed

granting the property to the Ullman Plaintiff was recorded in the City of Providence Land Evidence

Records in Book 4308, at Page 48 on March 3, 2000.

63.     On February 28, 2005, the Ullman Plaintiff executed a promissory note and mortgage deed

in the sum of One-Hundred and Eight-Eight Thousand Dollars ($188,000.00) in favor of Calusa

Investments, LLC. as lender and Mortgage Electronic Registration Systems ("MERS") as

mortgagee. ("Ullman Mortgage/Note"). The Ullman Mortgage was recorded in the City of

Providence Land Evidence Records in Book 7146, at page 154 on March 11, 2005.

64.     The Ullman Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4868402
Reviewer: Dianna J.

Case 1:24-cv-00341-JJM-DLM Document 1-2 Filed 08/28/2024 Page 26 of 79 PageID #: 123

65.     On or about July 29, 2014, the mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 10920 Page 151 on July 29, 2014.

66.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

67.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

68.     R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

69.     After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Ullman's residential mortgage. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the

16

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/30/2024 9:09 AM
Entered: 4/30/2024 9:09 AM
Envelope: 4465402
Reviewer: Dianna J.

Case 1:24-cv-00335-JJM-LDA Document 1-2 Filed 08/28/24 Page 28 of 34 PageID #: 124

"Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Ullman loan.

70.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Ullman loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Ullman loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

71.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Ullman loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Ullman's default, with U.S. Bank's consent.  Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

72.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

73.     The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Ullman loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

74.     Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to,

17

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Diahna J.
Case 1:24-cv-00155M-DDA Document1-2 Filed 03/2/0429/24 Page 28 of 29 PageID #:
125

inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

75.     Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

76.     Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

77.     Based on the above-noted statutory language, mortgage language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing] as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Ullman's residential property.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/5/2024 9:09 AM
Envelope: 4551/2024 9:09 AM
Reviewer: 4486402
Reviewer: Dianna J.

Case 1:24-cv-00291-JJM-LDA Document 1-2 Filed 03/22/24 Page 29 of 34 PageID #:
126

78.     In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Ullman by sending periodic mortgage statements, sent Ullman notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Ullman residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Ullman residence with Defendant, U.S. Bank's consent.

79.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

80.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

81.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Carol M.

Case 1:24-cv-00129-JJM-PAS   Document 1   Filed 03/28/24   Page 30 of 82 PageID #: 127

82.     On or about January 21, 2016, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Ullman Plaintiffs a Notice of Mortgagee Foreclosure Sale by hiring attorneys to effectuate foreclosure on the Ullman property. Said Notice of Mortgagee Foreclosure Sale stated a sale date of March 14, 2016. Caliber also caused to be published and paid for said notice on February 22, 2016, February 29, 2016 and March 7, 2016.

83.     The Ullman Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on January 21, 2016 through April 26, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

84.     The Ullman Plaintiffs allege, that on March 14, 2016, Caliber, acting as third-party mortgage servicer for U.S. Bank facilitated and effectuated the foreclosure of the Ullman Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

85.     The Ullman Plaintiffs allege, that on April 13, 2016 Caliber caused to to executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on April 26, 2016 in the City of Providence Land Evidence Records in Book 11376 at Page 161. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

20

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/13/2024 9:09 AM
Envelope: 4531502
Reviewer: Dianna J.

Case 1:24-cv-00231-JJM-LDA   Document 1-1   Filed 03/29/24   Page 24 of 34   PageID #: 128

86.   The Ullman Plaintiffs also allege, that the foreclosure and sale are in breach of paragraph 22 of the Ullman Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Ullman Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

87.   As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Ullman Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

88.   As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Ullman Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

89.   Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs'

21

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4558402
Reviewer: Dianna J.

Case 1:24-cv-00129-JJM-PAS Document 1-1 Filed 03/28/2024 Page 25 of 84 PageID #:
129

loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited
to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L.
§ 19-14-26.1(b).

90.     The Ullman Plaintiffs and members of the class are entitled to damages for the untimely
loss of their property that was caused by the Defendant's failure to comply with applicable law.
See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES,
20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

91.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the
Ullman Plaintiffs for the use and occupancy value of the property, the current fair market value of
their property, loss of equity and higher deficiency balances of their loan, moving costs, rents,
costs and expenses to live elsewhere.

## ALLEGATIONS OF THE VALE REPRESENTATIVE PLAINTIFF

92.     The Vale Representative Plaintiff repeats and re-alleges every allegation above as if set
forth herein in full.

93.     Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East
Providence, RI 02915 which is the "subject property" referenced herein.

94.     Plaintiff Vale was conveyed the subject property. The Deed granting the property to
Plaintiff Vale was recorded in the City of East Providence Land Evidence Records in Book 1161
at Page 56 on July 21, 1995.

95.     On September 30, 2005, the Plaintiff executed a mortgage and note to Calusa Investments,
LLC. as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as Mortgagee. Said
mortgage was secured against the subject property and recorded in the City of East Providence
Land Evidence Records in Book 2593 at Page 286 on December 20, 2005. ("The Vale Mortgage").

22

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/15/2024 9:09 AM
Envelope: 4551530
Reviewer: Dianna J.

SM-DDAum Pndudi2enrFied 03e2B03429/P4age 26gef 83 6fat79Page5D #:
130

96.     The Vale Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
acceleration following Borrower's breach of any covenant or agreement in this
Security Instrument…The notice shall specify: (a) the default; (b) the action
required to cure the default; (c) a date, not less than 30 days from the date the notice
is given to Borrower, by which the default must be cured; and (d) that failure to
cure the default on or before the date specified in the notice may result in
acceleration of the sums secured by this Security Instrument and sale of the
Property. The notice shall further inform Borrower of the right to reinstate after
acceleration and the right to bring a court action to assert the non-existence of a
default or any other defense of Borrower to acceleration and sale. If the default is
not cured on or before the date specified in the notice, Lender at its option may
require immediate payment in full of all sums secured by this Security Instrument
without further demand and may invoke the STATUTORY POWER OF SALE and
any other remedies permitted by Applicable Law. Lender shall be entitled to collect
all expenses incurred in pursuing the remedies provided in this Section 22,
including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
notice of sale, and the Property shall be sold in the manner prescribed by Applicable
Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

97.     On September 23, 2014, the Vale Mortgage was purportedly assigned to US Bank. Said

assignment was recorded in the City of East Providence Land Evidence Records in Book 3622 at

Page 6 on November 20, 2014.

98.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-

14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential

mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division

of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
borrower without first obtaining a license under this chapter from the director or
the director's designee.

23

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4458402
Reviewer: Dianna J.

Case 1:24-cv-00129-JJM-LDA   Document 1   Filed 03/29/24   Page 23 of 34 PageID #:
131

99.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

100.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

101.    After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Ullman's residential mortgage.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Vale loan.

102.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Vale loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Vale loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

103.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Vale loan, was responsible for initiating and effectuating foreclosure proceedings consistent

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 5/28/2024 9:09 AM
Envelope: 4666402
Reviewer: Dianna J.

with applicable law, upon Vale's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

104.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

105.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Vale loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

106.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

107.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14 that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the

25

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/11/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.

Case 1:24-cv-00124-JJM-PAS Document 1-2 Filed 03/28/24 Page 28 of 36 PageID #:
133

permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

108. Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

109. Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing]" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Vale's residential property.

110. In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Vale by sending periodic mortgage statements, sent Vale notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Vale residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Vale residence with Defendant, U.S. Bank's consent.

111. The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

112. The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

26

this chapter for a person to: Conduct any business covered by this chapter without holding a valid

license as required under this chapter, or assist, or aid and abet, any person in the conduct of

business under this chapter without a valid license ad required under this chapter"..

113.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of
any person who violate or participate in the violation of any of the applicable
provisions of this title, or any regulation promulgated under this title, is guilty of a
misdemeanor and upon conviction shall be punished by a fine of not more than one
thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
violation constitutes a separate offense. Complaints under the provisions of this
chapter may be made by the director, or the director's designee, and shall not be
required to give surety for costs. The attorney general shall prosecute all complaints
under this chapter.

114.    On or about September 7, 2015, Caliber, acting as third-party servicer on behalf of U.S.

Bank, caused to be sent to the Plaintiff Vale a Notice of Mortgagee Foreclosure Sale. Said Notice

of Mortgagee Foreclosure Sale stated a sale date of October 28, 2015. Caliber also caused to

published said notice on October 7, 2015, October 14, 2015 and October 21, 2015.

115.    The Plaintiff Vale alleges that from July 1, 2015 through December 28, 2016, including on

September 7, 2015 through March 8, 2016, Caliber was not a licensed third-party servicer in the

State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

116.    On October 28, 2015, US Bank and Caliber, while still not having *first obtained* a third-

party servicing license conducted a foreclosure auction on the Vale Plaintiff's Property.

117.    On March 8, 2016, US Bank and Caliber, while still not having *first obtained* a third- party

servicing license, caused a foreclosure deed dated December 29, 2015 to be recorded in the City

of East Providence Land Evidence Records in Book 3759 at Page 167. The Foreclosure Deed

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:08 AM
Envelope: 4456409
Reviewer: Dianna J.

Case 1:24-cv-00129-JJM-PAS Document 1 Filed 03/28/24 Page 38 of 179 PageID #:
135

purported to grant the Plaintiff Vale's Property to Defendant US Bank. Such actions are in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

118.   The Plaintiff Vale also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Vale Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Vale Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Vale Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

119.   As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Vale Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court JS M-DOCument-1 Filed 03/28/24 Page 39 of 179 PageID #:
Submitted: 4/30/2024 9:09 AM
Entered: 4/30/2024 9:09 AM
Reviewer: Dianna J.

136

120. Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

121. The Vale Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

122. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Vale Plaintiff for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

## ALLEGATIONS OF THE FRYE REPRESENTATIVE PLAINTIFF

123. The Representative Plaintiff Frye repeats and re-alleges every allegation above as if set forth herein in full.

124. Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue, Coventry, RI 02816 which is the "subject property" referenced herein.

125. On April 13, 2007, Plaintiff Frye was conveyed the subject property. The Deed granting the property to Plaintiff Frye was recorded in the Town of Coventry Land Evidence Records in Book 1765, at page 826 on April 16, 2007.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4468402
Reviewer: Diahha J.

Case 1:24-cv-00080-JJM-PAS Document 1-2 Filed 03/28/24 Page 89 of 91 PageID #: 137

126. On April 13, 2007, Plaintiff Frye executed a promissory note and mortgage deed in the

sum of Two Hundred and Ten Thousand, Seven-Hundred and Fifteen Dollars ($210,715.00) in

favor of Chase Bank USA, N.A., as lender and mortgagee. ("Frye Mortgage/Note"). The Frye

Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1765, at page

828 on April 16, 2007.

127. The Frye Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument...The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

128. The Frye Mortgage was purportedly assigned to Defendant, U.S. Bank on December 24,

2014. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land

Evidence Records in Book 2008 at Page 50 on April 15, 2014.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 5/3/2024 9:09 AM
Envelope: 4566402
Reviewer: Dianna J.

SM-D Document Dud Chen Filed 03/28/2024 Page Page 41 of 179 Page ID #:
138

129.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

130.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

131.     R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

132.     Based on information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Frye's residential mortgage. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Frye loan.

31

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4488402
Reviewer: Dianna J.

Case 1:23-cv-00429-JJM-PAS Document 1-2 Filed 03/28/2024 Page 35 of 84 PageID #: 139

133. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Frye loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Frye loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

134. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Frye loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Frye's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

135. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

136. The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Frye loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

137. Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

32

138.  Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which indicates that such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

139.  Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

140.  Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Frye's residential property.

141.  In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Frye by causing to send periodic mortgage statements, causing to send Frye notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Frye residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Frye residence with Defendant, U.S. Bank's consent.

33

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4486402
Reviewer: Dianna J.

Case 1:24-cv-00129-MSM-LDA Document 1-2 Filed 03/29/24 Page 84 of 179 PageID #: 141

142. The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

143. The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter"..

144. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

145. On or about July 29, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Frye a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 22, 2015. Caliber also caused to published said notice on September 1, 2015, September 8, 2015 and September 15, 2015.

34

146. The Plaintiffs Frye allege that from July 1, 2015 through December 28, 2016, including on September 1, 2016 through January 12, 2017, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

147. The Plaintiff Frye alleges, that on September 22, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Frye Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

148. The Plaintiff Frye alleges, that on January 11, 2016, Caliber executed a 3.2 affidavit as servicer for U.S. Bank and foreclosure deed granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 847. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

149. The Plaintiff Frye alleges, that the foreclosure and sale are in breach of paragraph 21 of the Frye Mortgage, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or

35

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.

Case 1:24-cv-00291-JJM-PAS Document 1-1 Filed 03/29/24 Page 46 of 179 PageID #: 143

their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Frye Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

150.    As all actions of Caliber in facilitating and effectuating the foreclosure and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Frye Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

151.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Frye Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

152.    Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 5/23/2024 9:09 AM
Envelope: 4666402
Reviewer: Dianna J.

Case 1:24-cv-00429 Document 1-2 Filed 03/28/24 Page 48 of 84 PageID #:
144

153.     The Frye Plaintiff and members of the class are entitled to damages for the untimely loss

of their property that was caused by the Defendant's failure to comply with applicable law. See.

Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-

037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

154.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Frye

Plaintiff for the use and occupancy value of the property, the current fair market value of their

property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and

expenses to live elsewhere

## ALLEGATIONS OF THE CHIRCHIRILLO REPRESENTATIVE PLAINTIFFS

155.     The Chirchirillo Plaintiff repeats and re-alleges every allegation above as if set forth herein

in full.

156.     Plaintiff, Diane M. Chirchirillo, claim to be the rightful owner of 270 Taft Avenue,

Pawtucket, RI 02820 which is the "subject property" referenced herein.

157.     On December 31, 2002, the Chirchirillo Plaintiff was conveyed the subject property. The

Deed granting the property to the Chirchirillo Plaintiff was recorded in the City of Pawtucket Land

Evidence Records in Book 1659 at Page 350 on January 7, 2003.

158.     On March 23, 2006, the Chirchirillo Plaintiff executed a promissory note and mortgage

deed in the sum of Two Hundred Forty-Seven Thousand, Dollars ($247,000.00) in favor of

Decision One Mortgage as lender and MERS as mortgagee. ("Chirchirillo Mortgage/Note"). The

Chirchirillo Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book

2609 at page 281 on March 27, 2006.

159.     The Chirchirillo Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4488402
Reviewer: Dianna J.

Case 1:24-cv-00129-JJM-PAS Document 1-2 Filed 03/28/24 Page 48 of 80 PageID #:
145

Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

160.    On July 15, 2015, the Chirchirillo Mortgage was assigned to U.S. Bank. Said purported

"Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book

3857 Page 98 on August 4, 2015.

161.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-

14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential

mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division

of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

162.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity

that owns the servicing rights to a loan secured by residential real estate located in Rhode Island

whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

163. R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

164. Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Chirchirillo's residential mortgage. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Chirchirillo loan.

165. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Chirchirillo loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Chirchirillo loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

166. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Chirchirillo loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Chirchirillo's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4866402
Reviewer: Dianna J.

Case 1:24-cv-00345-JJM-DOP Document 1-4 Filed 03/28/2024 Page 43 of 84 PageID #: 147

pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and

eviction expenses pursuant to the Servicing Agreement.

167.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and

U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the

period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the

pool of loans owned by the Trust.

168.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage

of the principal balance of the loans in the trust including the Chirchirillo loan, were collected by

the Defendants from the monthly payments of the loan and/ or were collected from the liquidation

proceeds of the mortgage when the property was foreclosed on.

169.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal

and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to,

inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees,

eviction and wire fees.

170.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in

breach of the mortgage which states at Paragraph 14, that such collections were "expressly

prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of

the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which

sets maximum loan charges, and that law is finally interpreted so that the interest or other loan

charges collected or to be collected in connection with the loan exceed the permitted limits, then

(a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the

permitted limit; and (b) any sums already collected from Borrower which exceeded permitted

limits will be refunded to Borrower".

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/53/2024 9:09 AM
Envelope: 4669492
Reviewer: Dianna J.

Case 1:24-cv-00429-MSM-LDA Document 1-2 Filed 03/28/2024 Page 44 of 84 PageID #:
148

171.     Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing

fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L.

§ 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed

transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall

be credited to the principal balance of the loan then due and owing or paid to the debtor, at the

option of the holder of the loan".

172.     Based on the above-noted statutory language, mortgage language and terms of the

Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing]" as a

"third-party loan servicer" without a license when Caliber collected such illegal and unlicensed

servicing fees and advances and initiated and effectuated foreclosure proceedings on Chirchirillo's

residential property.

173.     In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic

payments from Chirchirillo by sending periodic mortgage statements, causing to be sent

Chirchirillo notices of default/ acceleration, instructed, hired and made payments to attorneys,

auctioneers and publications to foreclose on the Chirchirillo residential property and paid for all

costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Chirchirillo

residence with Defendant, U.S. Bank's consent.

174.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-

Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this

chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property

collateral".

175.     The above-noted unlicensed activity also constituted "Prohibited acts and practices" for

"Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

41

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4452702
Reviewer: Carol M.

Case 1:24-cv-00164-JJM-DLM   Document 1-2   Filed 03/28/24   Page 45 of 52   PageID #: 149

this chapter for a person to: Conduct any business covered by this chapter without holding a valid

license as required under this chapter, or assist, or aid and abet, any person in the conduct of

business under this chapter without a valid license ad required under this chapter".

176.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of
any person who violate or participate in the violation of any of the applicable
provisions of this title, or any regulation promulgated under this title, is guilty of a
misdemeanor and upon conviction shall be punished by a fine of not more than one
thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
violation constitutes a separate offense. Complaints under the provisions of this
chapter may be made by the director, or the director's designee, and shall not be
required to give surety for costs. The attorney general shall prosecute all complaints
under this chapter.

177.    On or about September 20, 2015, Caliber, acting as third-party servicer on behalf of U.S.

Bank, caused to be sent to the Chirchirillo Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said

Notice of Mortgagee Foreclosure Sale stated a sale date of November 10, 2015.  Caliber also

caused to published said notice on October 20, 2015, October 27, 2015 and November 3, 2015.

178.    The Chirchirillo Plaintiffs allege that from July 1, 2015 through December 28, 2016,

including on September 20, 2015 through December 18, 2015, Caliber was not a licensed third-

party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

179.    The Chirchirillo Plaintiffs allege, that on November 10, 2015, Caliber, acting as third-party

mortgage servicer for U.S.  Bank foreclosed the Chirchirillo Mortgage and sold the subject

property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1,

subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void,

42

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

180.    The Chirchirillo Plaintiffs allege, that on November 19, 2015, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on December 18, 2015 in the City of Pawtucket Land Evidence Records in Book 3901 at Page 284. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""'applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

181.    The Chirchirillo Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Chirchirillo Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""'applicable law"" and the property secured by the Chirchirillo Mortgage can only be sold in a manner prescribed by and subject to ""'applicable law"".

182.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""'applicable law"", thus breaching the Chirchirillo Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4866402
Reviewer: Diarria J.

Case 1:24-cv-00335-JJM-DDocument document Filed 03/28/2024/Page Page 54 of 84 Page 150 #:
151

183. As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Chirchirillo Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

184. Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

185. The Chirchirillo Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

186. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Chirchirillo Plaintiffs for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

44

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/23/2024 9:09 AM
Envelope: 4466402
Reviewer: Caron M.
Filed in Providence/Bristol County Superior Court
Submitted: 1/23/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

## ALLEGATIONS OF THE SMITH REPRESENTATIVE PLAINTIFF

187.    The Smith Plaintiff repeats and re-alleges every allegation above as if set forth herein in

full.

188.    Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street,

Coventry, RI 02816 which is the "subject property" referenced herein.

189.    On January 8, 1990, Smith Plaintiff was conveyed the subject property. The Deed granting

the property to Smith Plaintiff was recorded in the Town of Coventry Land Evidence Records in

Book 246 at Page 26 on January 8, 1990.

190.    On December 22, 2005, the Smith Plaintiff executed a promissory note and mortgage deed

in favor of Washington Mutual Bank., as lender and mortgagee. ("Smith Mortgage/Note"). The

Smith Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1705 at

page 480 on December 28, 2005.

191.    The Smith Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument...The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4868402
Reviewer: Diana J.
Case 1:24-cv-00415-JJM-PAS Document 1 Filed 09/28/24 Page 56 of 179 PageID #: 153

Law. Lender or its designee may purchase the Property at any sale. The proceeds
of the sale shall be applied in the following order: (a) to all expenses of the sale,
including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
this Security Instrument; and (c) any excess to the person or persons legally entitled
to it.

192.    On January 15, 2015, the Smith Mortgage was assigned to U.S. Bank. Said purported

"Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book

2010 Page 786 on May 22, 2015.

193.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-

14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential

mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division

of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
borrower without first obtaining a license under this chapter from the director or
the director's designee.

194.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity

that owns the servicing rights to a loan secured by residential real estate located in Rhode Island

whether or not that owner services the loan themselves or contracts with another person or entity

for the servicing".

195.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled,

periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow

accounts and making the payments to the owner of the loan or other third party of principal and

interest and other payments with respect to the amounts received from the borrower *as may be*

*required pursuant to the terms of the servicing loan documents or servicing contract"*.

196.    Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October

28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/31/2024 9:09 AM
Envelope: 4459402
Reviewer: Dianna J.

Case 1:23-cv-00429-JJM-PAS Document 1-2 Filed 03/28/2024 Page 58 of 84 PageID #: 154

Agreement, which granted Caliber ownership of the servicing rights of Smith's residential mortgage. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Smith loan.

197. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Smith loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Smith loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

198. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Smith loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Smith's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

199. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

200. The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Smith loan, were collected by the

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4866402
Reviewer: Dianna J.
Case 1:24-cv-00429-JJM-PAS Document 1 Filed 03/28/2024 Page 58 of 179 PageID #: 155

Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

201.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

202.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14 that such charges are "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

203.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

204.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing]" as a

48

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00429-JJM-PAS Document 1-2 Filed 03/28/24 Page 59 of 54 PageID #: 156

"third-party loan servicer" without a license when Caliber collected such illegal and unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Smith's residential property.

205.   In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Smith by sending periodic mortgage statements, causing to be sent Smith notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Smith residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Smith residence with Defendant, U.S. Bank's consent.

206.   The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

207.   The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

208.   Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one

49

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4668402
Reviewer: Diahna J.

Case 1:24-cv-00445-JJM-LDA Document 1-1 Filed 03/28/24 Page 53 of 64 PageID #:
157

thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

209.   On or about September 1, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Smith Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 22, 2015. Caliber also caused to published said notice on October 1, 2015, October 8, 2015 and October 15, 2015.

210.   The Smith Plaintiff alleges that from July 1, 2015 through December 28, 2016, including on September 1, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

211.   The Smith Plaintiff alleges, that on October 22, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Smith Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

212.   The Smith Plaintiff alleges, that on January 11, 2016, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 869. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and

without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

213. The Smith Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Smith Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Smith Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

214. As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Smith Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

215. As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Smith Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4668402
Reviewer: Diahha J.

Case 1:24-cv-00345-JJM-PAS Document 12 Filed 08/28/24 Page 62 of 179 PageID #: 159

216.    Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

217.    The Smith Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

218.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Smith Plaintiff for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

## CLASS ALLEGATIONS

219.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

220.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

221.    The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by "'applicable law'" when conducting foreclosures and mortgagee's sales between July 1, 2015 through December 28, 2016, in violation of R.I.G.L. § 19-14.11-1. Said statute and mortgage contracts required that the

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

ISM-DC Document 11-3 Filed 03/29/24 Page 63 of 179 PageID #: 160

Defendant first obtain a third-party servicing license with the State of Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.

222. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

223. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Class Plaintiffs for the use and occupancy values of the properties, the current fair market values of their properties, loss of equity and higher deficiency balances of their loans, moving costs, rents, costs and expenses to live elsewhere.

224. Additionally, Representative Plaintiffs, on behalf of themselves and all other so similarly situated, hereby bring a separate class action count for breaches of contract based on the Defendants' charging of illegal and unlicensed third party loan servicing fees and advances "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

225. Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 12/2/2024 9:09 AM
Envelope: 4886402
Reviewer: Dianna J.

Case 1:24-cv-00114-JJM-DD Document 2 Filed 03/28/24 Page 64 of 79 PageID #:
161

transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

226.    Representative Plaintiffs set forth that the Class Plaintiffs be credited for all illegal unlicensed servicing fees and advances "involving" their mortgage loan accounts for the Defendants' breach of their mortgage loan accounts.

227.    The Class Plaintiffs consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not the properties were foreclosed on and whose mortgages contain a provision that the Defendants' are subject to "applicable law".

228.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

229.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

230.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal and unlicensed servicing fees and advances, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

231.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities

Filed in Providence/Bristol County Superior Court
Submitted: 12/12/2024 9:09 AM
Envelope: 4266402
Reviewer: Dianna J.

to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

232.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

233.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1, and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

234.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Caliber was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

235.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

236.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

237.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 7/31/2024 9:09 AM
Envelope: 4868402
Reviewer: Dianna J.

Case 1:25-cv-00145-JJM-DDA   Document 1-2   Filed 03/28/24/25   Page 59 of 64   Page 39 of   PageID #: 163

238.    The questions of law and fact are common to the class and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

239.    The claims of the Representative Plaintiffs are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

240.    The Representative Plaintiffs will fairly and adequately represent the interests of the class as a whole. The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

241.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

242.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

243.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

244.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

245.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

246.    It is desirable to concentrate the litigation of the claims in this particular forum.

247. There are little to no difficulties likely to be encountered in the management of a classification.

## COUNT I
## BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE

248. The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

249. In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

250. In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

251. The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law"" at paragraph 22 of their respective mortgages.

252. In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

253. In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees. Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

254. As noted above, the Representative Plaintiffs' Mortgages states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security

Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

255. On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-

party residential mortgage servicers be licensed by the Rhode Island Department of Business

Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

256. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

58

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/31/2024 9:09 AM
Envelope: 4566402
Reviewer: Dianna J.

Case 1:24-cv-00291-JJM-PAS Document 12 Filed 08/28/24 Page 69 of 179 PageID #: 166

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

257.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Caliber was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Caliber's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

258.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

259.    The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." and or invoke the "STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u> (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale)

59

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4485402
Reviewer: Carol M.

Case 1:24-cv-00129-JJM-LDA Document 1-2 Filed 03/28/24 Page 70 of 179 PageID #:
167

taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the properties secured by the Mortgages could only be sold in a manner prescribed by, subject to and permitted by "applicable law".

260.   As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Mortgages for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

261.   As such, the notices, publications, foreclosures and sales are in breach of the terms of paragraph 22 of the Mortgage contracts due to Defendants' failure to foreclose and sell in the manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures and sales are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

262.   The mortgage contract entered into by the Plaintiffs constitutes valid offers.

263.   Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

264.   Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers. Acceptance of those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their mortgage contracts.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

265.    The mortgage contracts were supported by consideration. The Plaintiffs' payments to Defendants constitutes consideration.

266.    The Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

267.    Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

268.    There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

269.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

270.    As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Defendants collected from the Plaintiffs' mortgage loan accounts fees and costs and expenses for illegal and unlicensed servicing fees and advances that were not permitted by applicable law including but not limited to certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

271.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4456402
Reviewer: Dianna J.

Case 1:24-cv-00291-WES-PAS Document 2 Filed 03/20/2024 Page 55 of 84 PageID #: 169

without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

272.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

273.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principal balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

274.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

275.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

276.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4485402
Reviewer: Dianna J.

Case 1:24-cv-00431-JJM-PAS Document 1-2 Filed 03/28/2024 Page 73 of 179 PageID #: 170

277.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Class Plaintiffs for the use and occupancy values of the properties, the current fair market values of their properties, loss of equity and higher deficiency balances of their loans, moving costs, rents, costs and expenses to live elsewhere.

278.     The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

279.     The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

280.     The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

281.     The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## BREACH OF CONTRACT FOR ILLEGAL AND UNLICENSED SERVICING FEES AND ADVANCES

282.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

283.     Class Plaintiffs aver that Caliber and U.S. Bank collected illegal and unlicensed servicing fees and advances in breach of the mortgage which states that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4488402
Reviewer: Dianna J.

Case 1:24-cv-00129-JJM-PAS Document 12 Filed 03/29/24 Page 74 of 179 PageID #: 171

the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

284.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

285.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

286.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

64

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/12/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

172

287.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

288.    Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into two Securitization Servicing Agreements, which granted Caliber ownership of the servicing rights of the Class Plaintiffs' residential mortgage loans. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust and/or LSF9 Master Participation Trust as "Participation Agent[s]", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the residential mortgage loans of the Class Plaintiffs.

289.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Class Plaintiffs' loans, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Class Plaintiffs' loans, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

290.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Class Plaintiffs' loans, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon the Class Plaintiffs' defaults', with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4488402
Reviewer: Dianna J.

Case 1:24-cv-00281-JJM-PAS Document 1-2 Filed 03/28/2024 Page Page 76 of 179 PageID #: 173

pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

291. Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the Class Plaintiffs' loans in the pool of loans owned by the Trusts.

292. The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the Class Plaintiffs loans in the Trusts, were collected by the Defendants from the monthly payments of the loans and/ or were collected from the liquidation proceeds of the mortgages when the properties were foreclosed on

293. Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

294. Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 10/31/2024 9:09 AM
Envelope: 4485402
Reviewer: Carol M.

Case No. 1:24-cv-00429-JJM-LDA   Document 1-2   Filed 03/28/2024   Page 77 of 84   Page ID #: 174

295.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the Class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

296.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing]" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on the Class Plaintiffs' residential properties.

297.    In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Class Plaintiffs by sending periodic mortgage statements, causing to be sent Class Plaintiffs notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Class Plaintiffs' residential properties and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Class Plaintiffs' residences with Defendant, U.S. Bank's consent.

298.    The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

299.    The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4486402
Reviewer: Dianna J.

Case 1:24-cv-00115-JJM-PAS   Document 1-2   Filed 03/28/24   Page 78 of 84 PageID #:
175

this chapter for a person to: Conduct any business covered by this chapter without holding a valid
license as required under this chapter, or assist, or aid and abet, any person in the conduct of
business under this chapter without a valid license ad required under this chapter.

300.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and
states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

301.    The Representative Plaintiffs allege that at the time the Caliber collected servicing fees and
advances it was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode
Island pursuant to R.I.G.L. § 19-14.11-1 and R.I.G.L. § 19-14.26-1(b) and that Caliber's collection
of such fees without "first obtaining a license" were violations of the condition precedent that it
must first obtain a license in accordance with the applicable law provisions of said mortgages, as
such actions were classified as misdemeanor crimes and not permitted by applicable law.

302.    The mortgage contract entered into by the Class Plaintiffs constitutes valid offers.

303.    Upon the Class Plaintiffs executing those mortgage contracts and giving them to their
Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

304.    Alternatively, the Class Plaintiffs and execution of those mortgage contracts thereby giving
security interests in their property to their Lenders/Mortgagees constitute offers.  Acceptance of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 4/63/2024 9:09 AM
Entered: 4/63/2024 9:09 AM
Reviewer: Dianna J.

Case 1:24-cv-00429-JJM-PAS Document 12 Filed 03/28/24 Page 72 of 84 PageID #: 176

those offers occurred when Defendants accepted payments made by the Class Plaintiffs pursuant to their mortgage contracts.

305.    The mortgage contracts were supported by consideration. The Class Plaintiffs' payments to Defendants constitute consideration.

306.    The Class Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

307.    Defendants breached the mortgage contracts made with the Class Plaintiffs by charging and collecting illegal unlicensed servicing fees and advances pursuant R.I.G.L. § 19-14.11-1 and R.I.G.L. § 19-14.26-1(b) which are applicable laws pursuant to the terms of the mortgage contracts which state that "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.

308.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to charge or collect such fees, including but not limited to servicing fees and advances, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Class Plaintiffs, resulting in damages to the Class Plaintiffs.

309.    The Class Plaintiffs in the servicing fee class consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466203
Reviewer: Carol M.
Viewer: Dianna J.

Case 1:24-cv-00291-JJM-PAS Document 1-1 Filed 03/28/24 Page 73 of 84 PageID #:
177

the properties were foreclosed on and whose mortgages contain the above provision or similar
language that the Defendants' and mortgages are subject to "applicable law"

310. Class Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and
advances from the mortgage loan that were taken from the interest and liquidation proceeds of the
foreclosure on the Plaintiffs' property as well as illegally yielded from the Class Plaintiffs' loan
accounts. Such unlicensed fees were caused by the Defendants' breach and should be credited to
the Class Plaintiffs as damages in accordance with the terms of the Mortgages as well as R.I.G.L.
§ 19-14-26.1(b).

Dated: January 31, 2024

Respectfully Submitted,
The Representative Plaintiffs,
By their Attorney,
/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

# EXHIBIT B

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

# Providence

(Summary Data - may not be Complete Representation of Property)

| | | | |
|---|---|---|---|
| **Parcel:** 79-610 | **Location:** 39 BURNS ST | **Owner:** | |
| **Account:** 36320 | **User Acct:** 07906100000 | **LUC:** 01 - Single Family | **Zoning:** R-2 |

**Parcel Values**

| | | | |
|---|---|---|---|
| **Total:** $237,900 | **Land:** $91,800 | **Land Area:** 5,600 SF | **Building:** $146,100 | **Assessed:** $237,900 |

**Sales Information**

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 11519-108 | W DEED | 09/29/2016 | $149,000 | Focused Investments LLC |
| 11391-50 | Q DEED | 05/13/2016 | $91,500 | US Bank Trust NA Trustee |

| | | | |
|---|---|---|---|
| **Building Type:** Ranch | **Year Built:** 1963 | **Grade:**C | **Condition:**GD |
| **Heat Fuel:** Gas | **Heat Type:** Forced Hot Water | **Air Conditioned:** 0.00 | **Fireplaces:**0 |
| **Exterior Wall:**Wood Shingle | **Bsmnt Garage:** 0 | **Roof Cover:** Asphalt Shingle | **# of Units:** 1 |
| **# of Rooms:** 5 | **# of Bedrooms:** 3 | **Full Bath:** 1 | **1/2 Baths:** 0 |

**Yard Item(s)**

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|

**Building Areas**

| Area | Net Area | Finished Area |
|---|---|---|
| Basement | 900 SF | 0 SF |
| Finished Enclosed Porch | 99 SF | 0 SF |
| First Floor | 900 SF | 900 SF |
| Garage | 276 SF | 0 SF |

Disclaimer: This information is for tax
assessing purposes
and is not warranted





www.NEReval.com

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

## East Providence

(Summary Data - may not be Complete Representation of Property)

| | | | |
|---|---|---|---|
| **Parcel:** 312-07-001-00 | **Location:** 44 ADAMS AVE | **Owner:** | |
| **Account:** 7545 | **User Acct:** 61-1212-97 | **LUC:** 01 - Single Fam | **Zoning:** R6 |

### Parcel Values

| | | | | |
|---|---|---|---|---|
| **Total:** $311,700 | **Land:** $82,200 | **Land Area:** 6,976 SF | **Building:** $229,500 | **Assessed:** $311,700 |

### Sales Information

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 3816-224 | | 08/26/2016 | $155,000 | US BANK TRUST NA |
| 3759-167 | | 03/08/2016 | $167,500 | VALE, AUGUSTO S |

| | | | |
|---|---|---|---|
| **Building Type:** Conventional | **Year Built:** 1900 | **Grade:** C | **Condition:** GD |
| **Heat Fuel:** Gas | **Heat Type:** Steam | **% Air Conditioned:** 0.00 | **Fireplaces:** 0 |
| **Exterior Wall:** Vinyl Siding | **Bsmnt Garage:** 0 | **Roof Cover:** Asph/F Gls/C | **# of Units:** 1 |
| **# of Rooms:** 6 | **# of Bedrooms:** 3 | **Full Bath:** 1 | **1/2 Baths:** 1 |

### Yard Item(s)

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|
| GARAGE-AVE | 1 | 216 | 1938 | AV | | $1,300.00 |
| PATIO-AVG | 1 | 416 | 2000 | AV | | $400.00 |
| SHED FRAME | 1 | 194 | 1975 | AV | | $700.00 |

### Building Areas

| Area | Net Area | Finished Area |
|---|---|---|
| Basement, Finished | 450 SF | 450 SF |
| Basement, Unfinished | 330 SF | 0 SF |
| First Floor | 780 SF | 780 SF |
| Patio | 349 SF | 0 SF |
| Porch, Enclosed, Finished | 56 SF | 0 SF |
| Porch, Open, Finished | 162 SF | 0 SF |
| Three Quarter Story | 495 SF | 495 SF |

**Disclaimer: This information is for tax assessing purposes and is not warranted**





Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

# Coventry

(Summary Data - may not be Complete Representation of Property)

**Parcel:** 0021-284.000    **Location:** 57 HELEN AVE    **Owner:**

**Account:** 1498    **User Acct:** 06-0121-50    **LUC:** 01 - Single Fam    **Zoning:** R-20

## Parcel Values

**Total:** $265,100    **Land:** $97,400    **Land Area:** 0.18 AC    **Building:** $167,700    **Assessed:** $265,100

## Sales Information

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 2146-541 | Warranty | 11/18/2019 | $232,500 | APICE ANNA MARIA |
| 2045-635 | Warranty | 07/22/2016 | $199,000 | PBV, LLC |

**Building Type:** Ranch    **Year Built:** 1958    **Grade:** Q4    **Condition:** AG

**Heat Fuel:**    **Heat Type:** BB Hot Wtr    **% Air Conditioned:** 100.00    **Fireplaces:** 0

**Exterior Wall:** Vinyl    **Bsmnt Garage:** 0    **Roof Cover:** Asphalt    **# of Units:** 1

**# of Rooms:** 5    **# of Bedrooms:** 3    **Full Bath:** 1    **1/2 Baths:** 0

## Yard Item(s)

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|
| SHED | 1 | 80 | 1968 | AV | No Value | $0.00 |

## Building Areas

| Area | Net Area | Finished Area |
|---|---|---|
| 1st FLOOR | 988 SF | 988 SF |
| BASEMENT | 988 SF | 0 SF |
| FINISHED BASEMENT | 494 SF | 0 SF |
| WOOD DECK | 250 SF | 0 SF |

Disclaimer: This information is for tax assessing purposes and is not warranted



UnSketched Subareas:
FBM (494)



Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

# 270 TAFT ST

| | | | |
|---|---|---|---|
| **Location** | 270 TAFT ST | **Mblu** | 65/ / 0634/ / |
| **Acct#** | 650634 | **Owner** | |
| **Assessment** | $280,400 | **Appraisal** | $280,400 |
| **PID** | 18802 | **Building Count** | 1 |
| **% Res** | | | |

## Current Value

| Appraisal | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2022 | $209,200 | $71,200 | $280,400 |

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2022 | $209,200 | $71,200 | $280,400 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | | **Sale Price** | $172,000 |
| **Address** | 270 TAFT ST | **Certificate** | |
| | PAWTUCKET, RI 02860 | **Book & Page** | 3997/0153 |
| | | **Sale Date** | 09/16/2016 |
| | | **Instrument** | 00 |

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case Number: PC-2024-00597 Document 1 Filed 03/29/24 Page 86 of 179 PageID #: 183

# 807 PONTIAC AVENUE

| | | | |
|---|---|---|---|
| **Location** | 807 PONTIAC AVENUE | **Plat Sec Lot Condo** | 9/1 / 3210/ / |
| **Acct#** | 11084639 | **Owner** | |
| **Assessment** | $413,600 | **Appraisal** | $413,600 |
| **PID** | 16304 | **Building Count** | 1 |

## Current Value

| Appraisal | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2023 | $320,600 | $93,000 | $413,600 |

| Assessment | | | |
|---|---|---|---|
| **Valuation Year** | **Improvements** | **Land** | **Total** |
| 2023 | $320,600 | $93,000 | $413,600 |

## Owner of Record

| | | | |
|---|---|---|---|
| **Owner** | | **Sale Price** | $424,000 |
| **Co-Owner** | MOHAMMAD RAMI A KALAJI JT | **Certificate** | |
| **Address** | 807 PONTIAC AVE | **Book & Page** | 6596/0276 |
| | | **Sale Date** | 01/03/2023 |
| | CRANSTON, RI 02910-5916 | **Instrument** | 00 |

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

# Coventry

(Summary Data - may not be Complete Representation of Property)

| Parcel: 0045-137.000 | Location: 1196 MAIN ST (1196,1198) | Owner: | |
|---|---|---|---|
| Account: 4700 | User Acct: 07-0254-00 | LUC: 04 - Combo | Zoning: |

## Parcel Values

| Total: $280,900 | Land: $110,400 | Land Area: 0.23 AC | Building: $170,500 | Assessed: $280,900 |
|---|---|---|---|---|

## Sales Information

| Book and Page | Instrument Type | Date | Price | Grantor |
|---|---|---|---|---|
| 2155-183 | Warranty | 02/25/2020 | $260,000 | THREE KIDS LLC |
| 2139-86 | Warranty | 09/04/2019 | $145,000 | US BANK TRUST NA AS TRUSTEE LSF9 |

| Building Type: MixedUse(R) | Year Built: 1957 | Grade:7 | Condition:FA |
|---|---|---|---|
| Heat Fuel: Oil | Heat Type: HW w/A/C | % Air Conditioned: 100.00 | Fireplaces:0 |
| Exterior Wall:Wood Shngle | Bsmnt Garage: 0 | Roof Cover: Asphalt | # of Units: 3 |
| # of Rooms: 8 | # of Bedrooms: 4 | Full Bath: 2 | 1/2 Baths: 1 |

## Yard Item(s)

| Description | Quantity | Size | Year | Condition | Quality | Value |
|---|---|---|---|---|---|---|
| SHED | 1 | 180 | 1957 | FR | No Value | $0.00 |
| SIGN 2 SIDED | 1 | 4 | 2007 | AV | Average | $200.00 |

## Building Areas

| Area | Net Area | Finished Area |
|---|---|---|
| 1st FLOOR | 752 SF | 752 SF |
| APARTMENT | 1,368 SF | 1,368 SF |
| BASEMENT | 1,488 SF | 0 SF |
| OPEN PORCH | 330 SF | 0 SF |
| WOOD DECK | 140 SF | 0 SF |

Disclaimer: This information is for tax
assessing purposes
and is not warranted





www.NEReval.com

# EXHIBIT C

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555796
Reviewer: Carol M.

R. S. Dion Esq.
15 Cottage Ave. Ste. 202
Quincy, MA 02169





9589 0710 5270 1194 9408 72

RDC 99

Legal

Caliber Home Loans, Inc.
1525 S Belt Line Rd.
Coppell, TX 75019

FEB 28 2024



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2024-00597 |
| **Plaintiff**<br>Robert Robinson et al. | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI 02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>1525 S Belt Line Rd.<br>Coppell TX 75019 |

### TO THE DEFENDANT, Caliber Home Loans, Inc.:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/31/2024. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case 1:24-cv-00101-JJM-PAS Document 1-2 Filed 03/29/24 Page 84 of 179 PageID #: 188

# **EXHIBIT D**

Case 1:24-cv-00133-JJM-LDA   Document 3   Filed 03/29/24   Page 92 of 179 PageID #: 189

**STATE OF RHODE ISLAND**

**PROVIDENCE, SC**                              **SUPERIOR COURT**

---

ROBERT J. ROBINSON & GLENDA
ROBINSON; GAIL ULLMAN; AUGUSTO
S. VALE; ELAINE DURRELL FRYE;       Case No: PC-2024-00597
DIANE M. CHIRCHIRILLO; NORMA R.
SMITH; ON BEHALF OD THEMSELVES
AND ALL OTHERS SO SIMILARLY
SITUATED,

        Plaintiffs.

v.

CALIBER HOME LOANS, INC.;

U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF8 MASTER PARTICIPATION
TRUST

U.S. BANK TRUST, N.A. AS TRUSTEE
FOR LSF9 MASTER PARTICIPATION
TRUST

        Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

To: Civil Clerk's Office        Todd S. Dion, Esq
    Providence Superior Court    681 Park Avenue, Suite 24
    250 Benefit Street        Cranston, RI 02910
    Providence, RI 02903     *Attorney for Plaintiffs*

Please take notice that Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as

Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9

Master Participation Trust, have filed a Notice of Removal of the above-entitled matter in the office

of the Clerk of the United States District Court for the District of Rhode Island, a copy is attached

hereto as **Exhibit A**.

Respectfully submitted,

**Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust**

By its attorneys,

/s/ *Zachary W. Berk*
Zachary W. Berk (Bar #7453)
Paige Schroeder (Bar #9165)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com
paige.schroeder@saul.com

Dated: March 28, 2024

## CERTIFICATE OF SERVICE

I, Zachary W. Berk, hereby certify that, I caused to be filed and served this document through the electronic filing system on all counsel of record. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Dated:   March 28, 2024                    /s/ Zachary W. Berk
                                           Zachary W. Berk

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: C. M.

Case 1:25-cv-00110-JJM-LDA   Document 1   Filed 08/28/29/24   Page of 24   Page 79   PageID #:
94

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROBERT J. ROBINSON & GLENDA ROBINSON, et al.

**DEFENDANTS**

CALIBER HOME LOANS, INC., et al

**(b)** County of Residence of First Listed Plaintiff   Cranston
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Todd S. Dion, 681 Park Avenue, Suite 24, Cranston, RI 02910, 401-965-4131, todd_dion@msn.com

Attorneys *(If Known)*

Zachary W. Berk, SAUL EWING LLP, 131 Dartmouth Street, Suite 501, Boston, MA 02116, T: (617) 912-0927, Zachary.Berk@saul.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |

*(full Nature of Suit checklist)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Plaintiffs allege breach of contract and seek to void foreclosure sales of their properties/damages

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ exceeds $5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
03/28/2024

SIGNATURE OF ATTORNEY OF RECORD
s/Zachary W. Berk, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case 1:24-cv-00461-JJM-LDA Document 12 Filed 03/29/24 Page 25 of 179 PageID #: 192

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**STATE OF RHODE ISLAND**

**PROVIDENCE, SC**                                    **SUPERIOR COURT**

| | |
|---|---|
| ROBERT J. ROBINSON & GLENDA ROBINSON; GAIL ULLMAN; AUGUSTO S. VALE; ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO; NORMA R. SMITH; ON BEHALF OD THEMSELVES AND ALL OTHERS SO SIMILARLY SITUATED, | Case No: PC-2024-00597 |

          Plaintiffs.

v.

CALIBER HOME LOANS, INC.;

U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST

U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST

          Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

To: Civil Clerk's Office                       Todd S. Dion, Esq
    Providence Superior Court           681 Park Avenue, Suite 24
    250 Benefit Street                        Cranston, RI 02910
    Providence, RI 02903                   *Attorney for Plaintiffs*

Please take notice that Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust, have filed a Notice of Removal of the above-entitled matter in the office of the Clerk of the United States District Court for the District of Rhode Island, a copy is attached hereto as **Exhibit A**.

Respectfully submitted,

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2024 9:58 AM
Envelope: 4555256
Reviewer: Carol M.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 97 of 179 PageID #: 194

**Defendants Caliber Home Loans, Inc., U.S. Bank Trust, N.A. as Trustee For LSF8 Master Participation Trust, and U.S. Bank Trust, N.A. as Trustee For LSF9 Master Participation Trust**

By its attorneys,

/s/ *Zachary W. Berk*
Zachary W. Berk (Bar #7453)
Paige Schroeder (Bar #9165)
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
T: (617) 912-0927
F: (617) 723-4151
Zachary.Berk@saul.com
paige.schroeder@saul.com

Dated: March 28, 2024

## CERTIFICATE OF SERVICE

I, Zachary W. Berk, hereby certify that, I caused to be filed and served this document through the electronic filing system on all counsel of record. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Dated:    March 28, 2024            /s/ Zachary W. Berk
                                    Zachary W. Berk

-2-

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2024-00597

| | | |
|---|---|---|
| Robert Robinson et al. | § | Location: **Providence/Bristol County Superior Court** |
| v. | § | |
| Caliber Home Loans, Inc. et al. | § | Filed on: **01/31/2024** |
| | § | US District Court Case Number: **1:24-cv-00117** |
| | § | |

---

### CASE INFORMATION

**Statistical Closures**
03/29/2024    Closed-Non-Trial-Unassigned-Remanded to District Court

Case Type: **Real Property**

Case Status: **03/29/2024    Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number          PC-2024-00597 |
| | Court                    Providence/Bristol County Superior Court |
| | Date Assigned      01/31/2024 |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Chirchirillo, Diane** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Frye, Elaine Durrell** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Robinson, Glenda** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Robinson, Robert L** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Smith, Norma R** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Ullman, Gail** | **Dion, Todd** *Retained* 4019654131(W) |
| | **Vale, Augusto S** | **Dion, Todd** *Retained* 4019654131(W) |
| **Defendant** | **Caliber Home Loans, Inc.** | |
| | **U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust** | |
| | **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | **EVENTS** |
| 03/29/2024 | Closed-Non-Trial-Unassigned-Remanded to District Court |
| 03/29/2024 | Case Removed to US District Court |

*Printed on 03/29/2024 at 3:02 PM*

# SC DOCKET SHEET
## CASE NO. PC-2024-00597

| 03/29/2024 | Notice of Removal |
| | *Notice of Filing of Notice of Removal to Federal Court* |
| 01/31/2024 | Summons |
| 01/31/2024 | Complaint Filed |
| | *initial class action complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Robert Robinson et al. vs. Caliber Home Loans, Inc. et al.

Federal Court Case No. 1:24-cv-00117    State Court Case No. PC-2024-01325

**Record Information**

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Stephen Burke _____, Clerk of the Rhode Island Superior Court for the County of
Providence _____ ☑ do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: Mar/29/2024

Clerk:
/s/ Stephen Burke

Prepared by:
/s/ Dianna Jackson



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2024-00597 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 Walnut Street<br>Cincinnati OH  45202 |

**TO THE DEFENDANT, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/31/2024. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2024-00597 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____

  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

  _____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

 _____
 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2024-00597 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>1525 S Belt Line Rd.<br>Coppell TX  75019 |

**TO THE DEFENDANT, Caliber Home Loans, Inc.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/31/2024. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | PC-2024-00597 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Caliber Home Loans, Inc., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
　Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
　 Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
　Name of authorized agent _____
　If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
　_____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2024-00597 |
| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>681 PARK AVENUE<br>SUITE 21<br>CRANSTON RI  02910 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 Walnut Street<br>Cincinnati OH  45202 |

**TO THE DEFENDANT, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/31/2024. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Robert Robinson et al.<br> v.<br>Caliber Home Loans, Inc. et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2024-00597 |
|---|---|

---

### PROOF OF SERVICE

    I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person of suitable age and discretion _____
    Address of dwelling house or usual place of abode _____
    _____
    Age _____
    Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
    _____

☐ With a guardian or conservator of the Defendant.
    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                          Notary Public: _____
                          My commission expires: _____
                          Notary identification number: _____

Page 2 of 2

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | | **SUPERIOR COURT** |
| **PROVIDENCE, SC** | | |

_____

| | | |
|---|---|---|
| | ) | |
| ROBERT J. ROBINSON & GLENDA ROBINSON; | ) | |
| GAIL ULLMAN; AUGUSTO S. VALE; | ) | |
| ELAINE DURRELL FRYE; DIANE M. CHIRCHIRILLO; | ) | CA. NO. |
| NORMA R. SMITH; | ) | CLASS ACTION |
| ON BEHALF OF THEMSELVES AND ALL OTHERS | ) | COMPLAINT |
| SO SIMILARLY SITUATED | ) | JURY DEMANDED |
| | ) | |
| *PLAINTIFFS* | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CALIBER HOME LOANS, INC.; | ) | |
| | ) | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 | ) | |
| MASTER PARTICIPATION TRUST | ) | |
| | ) | |
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 | ) | |
| MASTER PARTICIPATION TRUST | ) | |
| | ) | |
| *DEFENDANTS.* | ) | |

_____

## INTRODUCTION

1.      The Representative Plaintiffs, Robert J. Robinson & Glenda Robinson, Gail Ullman,

Augusto S. Vale, Elaine Durrell Frye, Diane M. Chirchirillo, and Norma M. Smith, on behalf of

themselves and all others so similarly situated, bring this class action as described in the paragraphs

set forth herein. The Representative Plaintiffs seek damages and declaratory judgments that

foreclosures and mortgagee's foreclosure sales of the Plaintiffs' properties by Defendants are void

due to Defendants' breaches of contract and breaches of condition precedents to the Statutory

Power of Sale for failing to foreclose in a manner prescribed by "applicable law" by foreclosing

and conducting mortgagee's sales in violation of R.I.G.L. § 19-14.11-1.  Said statute and mortgage

contracts required that the Defendant "first obtain" a third-party servicing license with the State of

Rhode Island Department of Business Regulation prior to foreclosing on the Representative Plaintiffs' properties. Representative Plaintiffs further seek damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

2.      Additionally, Representative Plaintiffs, on behalf of themselves and all other so similarly situated, hereby bring a separate class action count for breaches of contract based on the Defendants' collecting of illegal and unlicensed third party loan servicing fees and advances "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

3.      Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances collected or yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

4.      Representative Plaintiffs set forth that they be credited for all illegal unlicensed servicing fees and advances "involving" their mortgage loan accounts for the Defendants' breach of their

2

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 112 of 179 PageID #: 209

mortgage loan accounts. The Class Plaintiffs in the servicing fee class consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not the properties were foreclosed on and whose mortgages contain the above provision or similar language that the Defendants' collection of illegal and unlicensed servicing fees and advances are subject to "applicable law".

5.       The Representative Plaintiffs herein pray this Honorable Court find that the Defendants are in Breach of Contract, declare that foreclosures and mortgagee sales of the Representative Plaintiffs and class members mortgages and properties be declared void, enjoin the Defendants from further wrongful conveyance of Plaintiffs and class members properties, that the Defendants be Ordered to return the Representative Plaintiffs and class members to their status prior to the wrongful foreclosures and sales, including but not limited to, the rescission of all wrongful foreclosures and sales, and award the Plaintiffs and class members damages for the untimely loss of property due to the Defendants' misconduct as well as for the illegal unlicensed third-party loan servicing fees and advances that the Defendants yielded from the Plaintiffs' loan accounts.

## JURISDICTION AND VENUE

6.       Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

7.       Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 113 of 179 PageID #: 210

the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

12.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

13.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

14.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the void foreclosures.

15.     Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 19-14.11-1 and breach of the mortgage contracts.

## PARTIES

16.      Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is one of the "subject properties" referenced herein.  They are located at 27 Berkley Street, Cranston, RI 02910.

17.      Representative Plaintiff, Gail Ullman, claims to be the rightful owner of 39 Burns Street, Providence, RI 02904, which is one of the "subject properties" referenced herein.  She is located at 168 Pomona Avenue, Providence, RI 02908.

18.      Representative Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East Providence, RI 02915, which is one of the "subject properties" referenced herein.  She is located at 67 Lorraine Avenue, Pawtucket, RI.

19.      Representative Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue, Coventry, RI 02816 which is one of the "subject properties" referenced herein.  They are located at 480 South County Trail #127, Exeter, RI 02822.

20.      Representative Plaintiff, Diane Chirchirillo, claims to be the rightful owner of 270 Taft Street, Pawtucket, RI 02860, which is one of the "subject properties" referenced herein.  She is located at Sun City Center, FL 33573.

21.      Representative Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street, Coventry, RI 02816, which is one of the "subject properties" referenced herein.  She is located at 684 Washington Street, Apt 4, Coventry, RI 02816.

22.      Defendant, Caliber Home Loans, Inc., is a mortgage servicer located at 1525 S Belt Line Rd,, Coppell, TX 75019.  Caliber failed to "first obtain" a third-party servicing license and was not permitted by the Applicable Law provisions of Class Plaintiffs' Mortgages to act on behalf of Defendant U.S. Bank in order to notice, publish and invoke the Statutory Power of Sale on the

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 115 of 179 PageID #: 212

properties of Class Plaintiffs. Caliber further was not permitted by applicable law and the mortgage contracts to collect a wide variety of servicing related fees including but not limited to servicing fees and advances taken from the interest on the Plaintiffs' mortgage loan accounts.

23.  Defendant, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Robinson, Ullman, and Vale's Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

24.  Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank), is the trustee of a securitized trust that claimed to hold the Representative Plaintiffs' Frye, Chirchirillo, and Smith's, Mortgages and Notes at the time of the invalid foreclosure sales. U.S. Bank is located at 425 Walnut Street, Cincinnati, OH 45202.

25.  At all times herein mentioned, Defendants, Caliber and U.S. Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

26.  Defendants, Caliber and U.S. Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts

## ALLEGATIONS OF THE REPRESENTATIVE ROBINSON PLAINTIFFS

27.  The Robinson Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

28.  Representative Plaintiffs, Robert L. Robinson and Glenda Robinson, claim to be the rightful owners of 807 Pontiac Avenue, Cranston, RI 02910 which is the "subject property" referenced herein.

6

29.     On or before October 30, 2001, the Robinson Plaintiffs were conveyed the subject property. The Deed granting the property to Plaintiff was recorded in the City of Cranston Land Evidence Records in Book 1544 at Page 44 on October 31, 2001.

30.     On June 23, 2005, the Robinson Plaintiffs executed a promissory note and mortgage deed in favor of Mortgage Electronic Registration Systems as Mortgagee and Capital One Home Loans, LLC as lender. ("Robinson Mortgage/Note"). The Robinson Mortgage was recorded in the City of Cranston Land Evidence Records in Book 3172 at page 1 on October 13, 2005.

31.     The Robinson Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

32.     On May 1, 2015, the mortgage was assigned to U.S. Bank.  Said purported "Assignment of Mortgage" was recorded in the City of Cranston Land Evidence Records in Book 5060 Page 268 on May 20, 2016.

33.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-

14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential

mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division

of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

34.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity

that owns the servicing rights to a loan secured by residential real estate located in Rhode Island

whether or not that owner services the loan themselves or contracts with another person or entity

for the servicing".

35.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled,

periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow

accounts and making the payments to the owner of the loan or other third party of principal and

interest and other payments with respect to the amounts received from the borrower *as may be

required pursuant to the terms of the servicing loan documents or servicing contract"*.

36.    After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants,

Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber

ownership of the servicing rights of the Robinson's residential mortgage.  The Agreement

identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation

Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank,

as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual

name of the Trust that held the Robinson loan.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 118 of 179 PageID #: 215

37.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Robinson loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Robinson loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

38.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Robinson loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Robinson's default, with U.S. Bank's consent.  Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

39.     Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

40.     The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Robinson loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

41.     Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

9

42.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such charges are "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

43.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

44.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on the Robinson residential property.

45.    In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Robinson by sending periodic mortgage statements, sent Robinson notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 120 of 179 PageID
#: 217

publications to foreclose on the Robinson residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Robinson' residence with Defendant, U.S. Bank's consent.

46.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

47.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

48.     Further, R.I.G.L. § 19-14-26 set criminal penalties for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

49.     On or about July 23, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, paid for, hired attorneys and thus caused to be sent to the Robinson Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 15,

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 121 of 179 PageID #: 218

2015.  Caliber also caused to published said notice on August 25, 2015, September 1, 2015 and September 8, 2015.

50.     The Robinson Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on July 23, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

51.     The Robinson Plaintiff alleges, that on or about September 15, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank, paid for and hired foreclosure/eviction attorneys, paid for and hired auctioneers, paid for and hired newspapers for publications, and caused the untimely foreclosure on the Robinson Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

52.     The Robinson Plaintiffs allege, that on January 11, 2016, Caliber authorized the execution of a Foreclosure Deed and a mediation affidavit pursuant to R.I.G.L. 34-27-3.2 as third-party loan servicer for U.S. Bank granting the property to U.S. Bank.  The Foreclosure Deed was recorded on January 12, 2016 in the City of Cranston Land Evidence Records in Book 5171 at Page 283.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 122 of 179 PageID #: 219

53.     The Robinson Plaintiffs allege, that the foreclosure and sale conducted by Defendants, Caliber and U.S. Bank, are in breach of paragraph 22 of the Robinson Mortgage, which requires that [the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies in the manner prescribed by Applicable Law (Emphasis Added).

54.     As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Defendants, are subject to ""applicable law"" and the property secured by the Robinson Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"". See Andrade v. Ocwen Loan Servicing, LLC, et. al., C.A. No. 18-385 WES (Dist. R.I. September 24, 2019) ("The Court agrees with Magistrate Judge Almond that Plaintiffs state a plausible breach of contract claim, as "[i]t does not take a leap of logic to conclude that a mortgagor who engages an unlicensed loan servicer to effectuate a foreclosure is not acting in a manner prescribed by applicable law." R&R 6.)

55.     As all actions of Caliber in paying for, hiring attorneys and auctioneers, authorizing the execution of the foreclosure deed and 3.2 affidavits in support of foreclosure, and initiating and effectuating the foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Robinson Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

56.     As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Robinson Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 123 of 179 PageID
#: 220

prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

57.     Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan account that were taken from the payments and/or liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally collected from the Plaintiffs' loan account.  Such illegal and unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage, or a similar mortgage provision, as well as R.I.G.L. § 19-14-26.1(b).

58.     The Robinson Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

59.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Robinson Plaintiffs for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE REPRESENTATIVE ULLMAN PLAINTIFFS

60.     The Ullman Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

61.     Plaintiff, Gail Ullman., claims to be the rightful owner of 39 Burns Street, Providence, RI 02904 which is the "subject property" referenced herein.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 124 of 179 PageID
#: 221

62.     On March 3, 2000, the Ullman Plaintiff was conveyed the subject property. The Deed

granting the property to the Ullman Plaintiff was recorded in the City of Providence Land Evidence

Records in Book 4308, at Page 48 on March 3, 2000.

63.     On February 28, 2005, the Ullman Plaintiff executed a promissory note and mortgage deed

in the sum of One-Hundred and Eight-Eight Thousand Dollars ($188,000.00) in favor of Calusa

Investments, LLC. as lender and Mortgage Electronic Registration Systems ("MERS") as

mortgagee. ("Ullman Mortgage/Note"). The Ullman Mortgage was recorded in the City of

Providence Land Evidence Records in Book 7146, at page 154 on March 11, 2005.

64.     The Ullman Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 125 of 179 PageID #: 222

65.    On or about July 29, 2014, the mortgage was assigned to U.S. Bank.  Said purported "Assignment of Mortgage" was recorded in the City of Providence Land Evidence Records in Book 10920 Page 151 on July 29, 2014.

66.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

67.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

68.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

69.    After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Ullman's residential mortgage.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

"Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Ullman loan.

70.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Ullman loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Ullman loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

71.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Ullman loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Ullman's default, with U.S. Bank's consent.  Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

72.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

73.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Ullman loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

74.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to,

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 127 of 179 PageID #: 224

inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

75.     Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

76.     Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

77.     Based on the above-noted statutory language, mortgage language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing]" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Ullman's residential property.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 128 of 179 PageID
#: 225

78.     In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Ullman by sending periodic mortgage statements, sent Ullman notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Ullman residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Ullman residence with Defendant, U.S. Bank's consent.

79.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

80.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

81.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 129 of 179 PageID #: 226

82.    On or about January 21, 2016, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Ullman Plaintiffs a Notice of Mortgagee Foreclosure Sale by hiring attorneys to effectuate foreclosure on the Ullman property. Said Notice of Mortgagee Foreclosure Sale stated a sale date of March 14, 2016.  Caliber also caused to be published and paid for said notice on February 22, 2016, February 29, 2016 and March 7, 2016.

83.    The Ullman Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on January 21, 2016 through April 26, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

84.    The Ullman Plaintiffs allege, that on March 14, 2016, Caliber, acting as third-party mortgage servicer for U.S. Bank facilitated and effectuated the foreclosure of the Ullman Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale

85.    The Ullman Plaintiffs allege, that on April 13, 2016 Caliber caused to to executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank.  The Foreclosure Deed was recorded on April 26, 2016 in the City of Providence Land Evidence Records in Book 11376 at Page 161.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

86.     The Ullman Plaintiffs also allege, that the foreclosure and sale are in breach of paragraph

22 of the Ullman Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY

POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis

Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the

Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law""

and the property secured by the Ullman Mortgage can only be sold in a manner prescribed by and

subject to ""applicable law"".

87.     As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in

violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant

to R.I.G.L. § 19-14-26, Caliber and U.S.  Bank failed their obligation to the Plaintiff to ensure that

those actions were conducted in a manner subject to, prescribed by and permitted by "applicable

law", thus breaching the Ullman Mortgage and for failing to first comply with the terms of the

mortgage prior to exercising the power of sale.

88.     As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph

22 of the Ullman Mortgage contract due to Defendants' failure to foreclose and sell in the manner

prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void,

invalid, and without force or effect, for Defendants' failure to comply with conditions precedent

prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency,

et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re

Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

89.     Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing

fees and advances from the mortgage loan that were taken from the interest and liquidation

proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs'

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 131 of 179 PageID #: 228

loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

90. The Ullman Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

91. The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Ullman Plaintiffs for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere.

## ALLEGATIONS OF THE VALE REPRESENTATIVE PLAINTIFF

92. The Vale Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

93. Plaintiff, Augusto S. Vale, claims to be the rightful owner of 44 Adams Avenue, East Providence, RI 02915 which is the "subject property" referenced herein.

94. Plaintiff Vale was conveyed the subject property. The Deed granting the property to Plaintiff Vale was recorded in the City of East Providence Land Evidence Records in Book 1161 at Page 56 on July 21, 1995.

95. On September 30, 2005, the Plaintiff executed a mortgage and note to Calusa Investments, LLC. as Lender and Mortgage Electronic Registration Systems, Inc. (MERS) as Mortgagee. Said mortgage was secured against the subject property and recorded in the City of East Providence Land Evidence Records in Book 2593 at Page 286 on December 20, 2005. ("The Vale Mortgage").

96.     The Vale Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

97.     On September 23, 2014, the Vale Mortgage was purportedly assigned to US Bank. Said assignment was recorded in the City of East Providence Land Evidence Records in Book 3622 at Page 6 on November 20, 2014.

98.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 133 of 179 PageID
#: 230

99.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

100.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

101.    After R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Ullman's residential mortgage.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF9 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Vale loan.

102.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Vale loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Vale loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

103.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Vale loan, was responsible for initiating and effectuating foreclosure proceedings consistent

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

4-CV-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 134 of 179 PageID
#: 231

with applicable law, upon Vale's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

104.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

105.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Vale loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

106.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

107.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14 that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the

25

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA   Document 3   Filed 03/29/24   Page 135 of 179 PageID #: 232

permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

108.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

109.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Vale's residential property.

110.    In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Vale by sending periodic mortgage statements, sent Vale notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Vale residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Vale residence with Defendant, U.S. Bank's consent.

111.    The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

112.    The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

4-CV-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 136 of 179 PageID
#: 233

this chapter for a person to: Conduct any business covered by this chapter without holding a valid

license as required under this chapter, or assist, or aid and abet, any person in the conduct of

business under this chapter without a valid license ad required under this chapter"..

113.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and

states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of
> any person who violate or participate in the violation of any of the applicable
> provisions of this title, or any regulation promulgated under this title, is guilty of a
> misdemeanor and upon conviction shall be punished by a fine of not more than one
> thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each
> violation constitutes a separate offense. Complaints under the provisions of this
> chapter may be made by the director, or the director's designee, and shall not be
> required to give surety for costs. The attorney general shall prosecute all complaints
> under this chapter.

114.     On or about September 7, 2015, Caliber, acting as third-party servicer on behalf of U.S.

Bank, caused to be sent to the Plaintiff Vale a Notice of Mortgagee Foreclosure Sale. Said Notice

of Mortgagee Foreclosure Sale stated a sale date of October 28, 2015. Caliber also caused to

published said notice on October 7, 2015, October 14, 2015 and October 21, 2015.

115.     The Plaintiff Vale alleges that from July 1, 2015 through December 28, 2016, including on

September 7, 2015 through March 8, 2016, Caliber was not a licensed third-party servicer in the

State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

116.     On October 28, 2015, US Bank and Caliber, while still not having *first obtained* a third-

party servicing license conducted a foreclosure auction on the Vale Plaintiff's Property.

117.     On March 8, 2016, US Bank and Caliber, while still not having *first obtained* a third- party

servicing license, caused a foreclosure deed dated December 29, 2015 to be recorded in the City

of East Providence Land Evidence Records in Book 3759 at Page 167.  The Foreclosure Deed

purported to grant the Plaintiff Vale's Property to Defendant US Bank.  Such actions are in violation of R.I.G.L. § 19-14.11-1, in breach of the applicable law provision to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect.

118.    The Plaintiff Vale also alleges, that the foreclosure and sale are in breach of paragraph 22 of the Vale Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Vale Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".  As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S.  Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Vale Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

119.    As such, the notice, publication, foreclosure and sale are in breach of the terms of Paragraph 22 of the Vale Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

120.    Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account.  Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

121.    The Vale Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

122.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Vale Plaintiff for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

## **ALLEGATIONS OF THE FRYE REPRESENTATIVE PLAINTIFF**

123.    The Representative Plaintiff Frye repeats and re-alleges every allegation above as if set forth herein in full.

124.    Plaintiff, Elaine Durrell Frye, claims to be the rightful owner of 57 Helen Avenue, Coventry, RI 02816 which is the "subject property" referenced herein.

125.    On April 13, 2007, Plaintiff Frye was conveyed the subject property. The Deed granting the property to Plaintiff Frye was recorded in the Town of Coventry Land Evidence Records in Book 1765, at page 826 on April 16, 2007.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 139 of 179 PageID
#: 236

126.    On April 13, 2007, Plaintiff Frye executed a promissory note and mortgage deed in the

sum of Two Hundred and Ten Thousand, Seven-Hundred and Fifteen Dollars ($210,715.00) in

favor of Chase Bank USA, N.A., as lender and mortgagee. ("Frye Mortgage/Note"). The Frye

Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1765, at page

828 on April 16, 2007.

127.    The Frye Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it.

128.    The Frye Mortgage was purportedly assigned to Defendant, U.S. Bank on December 24,

2014. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land

Evidence Records in Book 2008 at Page 50 on April 15, 2014.

129.     On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-

14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential

mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division

of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act
> as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island
> borrower without first obtaining a license under this chapter from the director or
> the director's designee.

130.     R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity

that owns the servicing rights to a loan secured by residential real estate located in Rhode Island

whether or not that owner services the loan themselves or contracts with another person or entity

for the servicing".

131.     R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled,

periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow

accounts and making the payments to the owner of the loan or other third party of principal and

interest and other payments with respect to the amounts received from the borrower *as may be

required pursuant to the terms of the servicing loan documents or servicing contract"*.

132.     Based on information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about

October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing

Agreement, which granted Caliber ownership of the servicing rights of Frye's residential

mortgage.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer",

LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent",

the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series

2014-NPL7 as the actual name of the Trust that held the Frye loan.

133.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Frye loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Frye loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

134.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Frye loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Frye's default, with U.S. Bank's consent.  Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

135.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

136.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Frye loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

137.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 142 of 179 PageID #: 239

138.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which indicates that such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

139.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

140.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Frye's residential property.

141.    In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Frye by causing to send periodic mortgage statements, causing to send Frye notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Frye residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Frye residence with Defendant, U.S. Bank's consent.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 143 of 179 PageID #: 240

142.    The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

143.    The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter"..

144.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

145.    On or about July 29, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Plaintiff Frye a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of September 22, 2015. Caliber also caused to published said notice on September 1, 2015, September 8, 2015 and September 15, 2015.

146.     The Plaintiffs Frye allege that from July 1, 2015 through December 28, 2016, including on September 1, 2016 through January 12, 2017, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

147.     The Plaintiff Frye alleges, that on September 22, 2015, Caliber, acting as third-party mortgage servicer for U.S. Bank foreclosed the Frye Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

148.     The Plaintiff Frye alleges, that on January 11, 2016, Caliber executed a 3.2 affidavit as servicer for U.S. Bank and foreclosure deed granting the property to U.S. Bank. The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 847. Such action is were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

149.     The Plaintiff Frye alleges, that the foreclosure and sale are in breach of paragraph 21 of the Frye Mortgage, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or

35

their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Frye Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

150.    As all actions of Caliber in facilitating and effectuating the foreclosure and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to, prescribed by and permitted by "applicable law", thus breaching the Frye Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

151.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Frye Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

152.    Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

153.    The Frye Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

154.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Frye Plaintiff for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

## <u>ALLEGATIONS OF THE CHIRCHIRILLO REPRESENTATIVE PLAINTIFFS</u>

155.    The Chirchirillo Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

156.    Plaintiff, Diane M. Chirchirillo, claim to be the rightful owner of 270 Taft Avenue, Pawtucket, RI 02820 which is the "subject property" referenced herein.

157.    On December 31, 2002, the Chirchirillo Plaintiff was conveyed the subject property. The Deed granting the property to the Chirchirillo Plaintiff was recorded in the City of Pawtucket Land Evidence Records in Book 1659 at Page 350 on January 7, 2003.

158.    On March 23, 2006, the Chirchirillo Plaintiff executed a promissory note and mortgage deed in the sum of Two Hundred Forty-Seven Thousand, Dollars ($247,000.00) in favor of Decision One Mortgage as lender and MERS as mortgagee. ("Chirchirillo Mortgage/Note"). The Chirchirillo Mortgage was recorded in the City of Pawtucket Land Evidence Records in Book 2609 at page 281 on March 27, 2006.

159.    The Chirchirillo Mortgage states at Paragraph 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 147 of 179 PageID #: 244

Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

160.    On July 15, 2015, the Chirchirillo Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the City of Pawtucket Land Evidence Records in Book 3857 Page 98 on August 4, 2015.

161.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

162.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island

whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

163.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

164.    Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing Agreement, which granted Caliber ownership of the servicing rights of Chirchirillo's residential mortgage.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Chirchirillo loan.

165.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Chirchirillo loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Chirchirillo loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

166.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Chirchirillo loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Chirchirillo's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:4-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 149 of 179 PageID
#: 246

pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

167.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

168.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Chirchirillo loan, were collected by the Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

169.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

170.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 150 of 179 PageID #: 247

171.     Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

172.     Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a "third-party loan servicer" without a license when Caliber collected such illegal and unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Chirchirillo's residential property.

173.     In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Chirchirillo by sending periodic mortgage statements, causing to be sent Chirchirillo notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Chirchirillo residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Chirchirillo residence with Defendant, U.S. Bank's consent.

174.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

175.     The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

176. Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

177. On or about September 20, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Chirchirillo Plaintiffs a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of November 10, 2015.  Caliber also caused to published said notice on October 20, 2015, October 27, 2015 and November 3, 2015.

178. The Chirchirillo Plaintiffs allege that from July 1, 2015 through December 28, 2016, including on September 20, 2015 through December 18, 2015, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

179. The Chirchirillo Plaintiffs allege, that on November 10, 2015, Caliber, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Chirchirillo Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void,

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

4-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 152 of 179 PageID #: 249

invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

180.    The Chirchirillo Plaintiffs allege, that on November 19, 2015, Caliber caused to be executed a Foreclosure Deed as servicer for U.S. Bank granting the property to U.S. Bank. The Foreclosure Deed was recorded on December 18, 2015 in the City of Pawtucket Land Evidence Records in Book 3901 at Page 284. Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

181.    The Chirchirillo Plaintiffs allege, that the foreclosure and sale are in breach of paragraph 22 of the Chirchirillo Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)." As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Chirchirillo Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

182.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure that those actions were conducted in a manner subject to and prescribed by ""applicable law"", thus breaching the Chirchirillo Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 153 of 179 PageID #: 250

183.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Chirchirillo Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: <u>Martins v. Federal Housing Finance Agency, et al.</u>, C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: <u>In re Demers</u>, <u>511 B.R. 233</u>, 238, 239 (Bankr. D.R.I. 2014)).

184.    Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account.  Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

185.    The Chirchirillo Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. <u>Andrade v. Ocwen Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

186.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Chirchirillo Plaintiffs for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 154 of 179 PageID
#: 251

## ALLEGATIONS OF THE SMITH REPRESENTATIVE PLAINTIFF

187.    The Smith Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

188.    Plaintiff, Norma R. Smith, claims to be the rightful owner of 1196-1198 Main Street, Coventry, RI 02816 which is the "subject property" referenced herein.

189.    On January 8, 1990, Smith Plaintiff was conveyed the subject property. The Deed granting the property to Smith Plaintiff was recorded in the Town of Coventry Land Evidence Records in Book 246 at Page 26 on January 8, 1990.

190.    On December 22, 2005, the Smith Plaintiff executed a promissory note and mortgage deed in favor of Washington Mutual Bank., as lender and mortgagee. ("Smith Mortgage/Note"). The Smith Mortgage was recorded in the Town of Coventry Land Evidence Records in Book 1705 at page 480 on December 28, 2005.

191.    The Smith Mortgage states at Paragraph 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Document 3    Filed 03/29/24    Page 155 of 179 PageID #: 252

Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

192.    On January 15, 2015, the Smith Mortgage was assigned to U.S. Bank. Said purported "Assignment of Mortgage" was recorded in the Town of Coventry Land Evidence Records in Book 2010 Page 786 on May 22, 2015.

193.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

194.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

195.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

196.    Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into a Securitization Servicing

Agreement, which granted Caliber ownership of the servicing rights of Smith's residential mortgage. The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust as "Participation Agent", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the Smith loan.

197.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Smith loan, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Smith loan, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

198.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Smith loan, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon Smith's default, with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

199.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the loans in the pool of loans owned by the Trust.

200.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the loans in the trust including the Smith loan, were collected by the

Defendants from the monthly payments of the loan and/ or were collected from the liquidation proceeds of the mortgage when the property was foreclosed on.

201.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

202.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14 that such charges are "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

203.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

204.    Based on the above-noted statutory language, mortgage language and terms of the Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 158 of 179 PageID #: 255

"third-party loan servicer" without a license when Caliber collected such illegal and unlicensed servicing fees and advances and initiated and effectuated foreclosure proceedings on Smith's residential property.

205.     In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic payments from Smith by sending periodic mortgage statements, causing to be sent Smith notices of default/ acceleration, instructed, hired and made payments to attorneys, auctioneers and publications to foreclose on the Smith residential property and paid for all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Smith residence with Defendant, U.S. Bank's consent.

206.     The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property collateral".

207.     The above-noted unlicensed activity also constituted "Prohibited acts and practices" for "Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter".

208.     Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one

49

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 159 of 179 PageID #: 256

thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

209.    On or about September 1, 2015, Caliber, acting as third-party servicer on behalf of U.S. Bank, caused to be sent to the Smith Plaintiff a Notice of Mortgagee Foreclosure Sale. Said Notice of Mortgagee Foreclosure Sale stated a sale date of October 22, 2015.  Caliber also caused to published said notice on October 1, 2015, October 8, 2015 and October 15, 2015.

210.    The Smith Plaintiff alleges that from July 1, 2015 through December 28, 2016, including on September 1, 2015 through January 12, 2016, Caliber was not a licensed third-party servicer in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1.

211.    The Smith Plaintiff alleges, that on October 22, 2015, Caliber, acting as third-party mortgage servicer for U.S.  Bank foreclosed the Smith Mortgage and sold the subject property at mortgagee's foreclosure sale. Such action is in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and is void, invalid, and without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

212.    The Smith Plaintiff alleges, that on January 11, 2016, Caliber caused to be executed a Foreclosure Deed as servicer for U.S.  Bank granting the property to U.S.  Bank.  The Foreclosure Deed was recorded on January 12, 2016 in the Town of Coventry Land Evidence Records in Book 2029 at Page 869.  Such actions were violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and in breach of the ""applicable law"" provisions to the Statutory Power of Sale in the mortgage contract and are void, invalid, and

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 160 of 179 PageID
#: 257

without force and effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale.

213.    The Smith Plaintiff alleges, that the foreclosure and sale are in breach of paragraph 22 of the Smith Mortgage, which requires that, "…[the Lender] may invoke the STATUTORY POWER OF SALE and any other remedies [as] permitted by "applicable law"…" (Emphasis Added)."  As such, all foreclosure actions (including notice, foreclosure, and sale) taken by the Lender, and/or their officers, directors, agents, and employees, are subject to ""applicable law"" and the property secured by the Smith Mortgage can only be sold in a manner prescribed by and subject to ""applicable law"".

214.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiff to ensure that those actions were conducted in a manner subject to  and prescribed by ""applicable law"", thus breaching the Smith Mortgage and for failing to first comply with the terms of the mortgage prior to exercising the power of sale.

215.    As such, the notice, publication, foreclosure and sale are in breach of the terms of paragraph 22 of the Smith Mortgage contract due to Defendants' failure to foreclose and sell in the manner prescribed by and subject to ""applicable law"". Therefore, the foreclosure and sale are void, invalid, and without force or effect, for Defendants' failure to comply with conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI (Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

216.     Additionally, Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally charged to the Plaintiffs' loan account. Such unlicensed fees were caused by the Defendants' breach and should be credited to the Plaintiffs as damages in accordance with Paragraph 14 of the Mortgage as well as R.I.G.L. § 19-14-26.1(b).

217.     The Smith Plaintiff and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law. See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

218.     The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Smith Plaintiff for the use and occupancy value of the property, the current fair market value of their property, loss of equity and higher deficiency balances of their loan, moving costs, rents, costs and expenses to live elsewhere

## CLASS ALLEGATIONS

219.     The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

220.     Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

221.     The Representative Plaintiffs sue on behalf of themselves and all homeowners or former homeowners wherein Defendants breached the terms of the Representative Plaintiffs and Class Members mortgages by failing to foreclose and sell in the manner prescribed by ""applicable law"" when conducting foreclosures and mortgagee's sales between July 1, 2015 through December 28, 2016, in violation of R.I.G.L. § 19-14.11-1. Said statute and mortgage contracts required that the

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 162 of 179 PageID
#: 259

Defendant first obtain a third-party servicing license with the State of Rhode Island Department of

Business Regulation prior to foreclosing on the Representative Plaintiffs' properties.

222.    Representative Plaintiffs further seek damages for the untimely loss of their property that

was caused by the Defendant's failure to comply with applicable law. See. <u>Andrade v. Ocwen</u>

<u>Loan Servicing, LLC</u>, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040

WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021)

223.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Class

Plaintiffs for the use and occupancy values of the properties, the current fair market values of their

properties, loss of equity and higher deficiency balances of their loans, moving costs, rents, costs

and expenses to live elsewhere.

224.    Additionally, Representative Plaintiffs, on behalf of themselves and all other so similarly

situated, hereby bring a separate class action count for breaches of contract based on the

Defendants' charging of illegal and unlicensed third party loan servicing fees and advances

"expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the

language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to

a law which sets maximum loan charges, and that law is finally interpreted so that the interest or

other loan charges collected or to be collected in connection with the loan exceed the permitted

limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge

to the permitted limit; and (b) any sums already collected from Borrower which exceeded

permitted limits will be refunded to Borrower".

225.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing

fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L.

§ 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 163 of 179 PageID
#: 260

transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

226.    Representative Plaintiffs set forth that the Class Plaintiffs be credited for all illegal unlicensed servicing fees and advances "involving" their mortgage loan accounts for the Defendants' breach of their mortgage loan accounts.

227.    The Class Plaintiffs consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not the properties were foreclosed on and whose mortgages contain a provision that the Defendants' are subject to "applicable law".

228.    The gravity of harm to the Representative Plaintiffs and members of the class resulting from the Defendants wrongdoing outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

229.    Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

230.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as illegal and unlicensed servicing fees and advances, loss of use and equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

231.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 164 of 179 PageID #: 261

to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

232.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

233.    The Representative Plaintiffs claim on behalf of themselves and all others so similarly situated that the Defendants breaches of mortgage contracts by violating R.I.G.L. § 19-14.11-1, and failure to comply with applicable law as a condition precedent prior to exercising the Statutory Power of Sale, are the direct causes of the harms alleged herein.

234.    Representative Plaintiffs, on behalf of themselves and all others so similarly situated, claim that all foreclosures that occurred as a result of any foreclosure notices sent or published during the time in which Caliber was not licensed as a third-party servicer are null and void for failure to comply with the condition precedent to Statutory Power of Sale outlined in the mortgages that the Defendants foreclose in the manner subject to and as prescribed by ""applicable law"".

235.    Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

236.    The Representative Plaintiffs do not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. The Representative Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants books and records.  Therefore, the class is so numerous that joiner of all members is impracticable. (i.e. Numerosity).

237.    The Representative Plaintiffs and all members of the class have been subject to and affected by the same conduct.

55

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 165 of 179 PageID
#: 262

238.    The <u>questions of law and fact are common to the class</u> and <u>predominate over any questions</u> <u>affecting only individual members of the class</u>. (i.e. Commonality).

239.    The claims of the Representative Plaintiffs are <u>typical of the claims of the class</u> and do not conflict with the interests of any other members of the class in that the Representative Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

240.    The Representative Plaintiffs will <u>fairly and adequately represent the interests of the class</u> as a whole.  The Representative Plaintiffs are committed to the vigorous prosecution of the class claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

241.    A Class Action is superior to other methods for the fast and efficient adjudication of this controversy.  A class action regarding the issues in this case does not create any problems of manageability.

242.    The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

243.    The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

244.    It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

245.    The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

246.    It is desirable to concentrate the litigation of the claims in this particular forum.

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 166 of 179 PageID #: 263

247.    There are little to no difficulties likely to be encountered in the management of a classification.

**<ins>COUNT I</ins>**
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT PRIOR TO EXERCISE THE STATUTORY POWER OF SALE**

248.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

249.    In Rhode Island, the right to exercise the power of sale in a mortgage is derived from the mortgage contract itself.

250.    In Rhode Island, a contract containing a requirement that any foreclosure and sale be conducted in a manner subject to and/or as prescribed or permitted by ""applicable law"" is construed as a condition precedent, which requires strict compliance.

251.    The Representative Plaintiffs' Mortgages all provide that any notice, foreclosure, and sale be conducted in a manner subject to, prescribed by and or permitted by "applicable law"" at paragraph 22 of their respective mortgages.

252.    In Rhode Island, a mortgagee agreeing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law", must do so as agreed.

253.    In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of Paragraph 22 of the mortgages are obligations of the mortgagees.  Failing to provide notice, foreclose and sell in a manner subject to and/or as prescribed or permitted by "applicable law" pursuant to the mortgage is a breach of contract and renders a foreclosure sale void.

254.    As noted above, the Representative Plaintiffs' Mortgages states at Paragraph 22 as follows:

   22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration
       following Borrower's breach of any covenant or agreement in this Security

Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and <u>any other remedies permitted by Applicable Law</u>. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the <u>Property shall be sold in the manner prescribed by Applicable Law</u>. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

255.    On July 1, 2015, R.I.G.L. § 19-14.11-1 became effective. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

§ 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

256.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

§ 19-14-26. Penalty for violations.

Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each

58

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 168 of 179 PageID #: 265

violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

257.    The Representative Plaintiffs allege that at the time the foreclosure notices were sent, the time of the foreclosure publications, the time of the auctions, the time of the execution of the foreclosure deeds, the time of the execution of the Affidavits of Sale in accordance with R.I.G.L. 34-11-22 and 34-27-4, and the time of the recordings of the foreclosure deeds, Caliber was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and that Caliber's initiation of the above actions without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

258.    Representative Plaintiffs aver that all acts described above were in violation of R.I.G.L. § 19-14.11-1, subject to prosecution by the R.I. Attorney General pursuant to R.I.G.L. § 19-14-26, and are void, invalid, and without force and effect, for Defendants' failure to comply with applicable law as a conditions precedent prior to exercising the Statutory Power of Sale.

259.    The Representative Plaintiffs allege, that the foreclosures and sales are in breach of paragraph 22 of the Mortgages, which requires that, "Lender, at its option, and **subject to applicable law**, may then or thereafter invoke the STATUTORY POWER OF SALE and/or any other remedies or take any other actions permitted by **applicable law**" and "Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by **applicable law**." and or invoke the "STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law (Emphasis Added). As such, all foreclosure actions (including notice, foreclosure, and sale)

59

taken by the Lender, and/or their officers, directors, agents, and employees, are subject to
""applicable law"" and the properties secured by the Mortgages could only be sold in a manner
prescribed by, subject to and permitted by "applicable law".

260.    As all actions of Caliber in foreclosing and conducting mortgagee's foreclosure sale are in
violation of R.I.G.L. § 19-14.11-1 and subject to prosecution by the R.I. Attorney General pursuant
to R.I.G.L. § 19-14-26, Caliber and U.S. Bank failed their obligation to the Plaintiffs to ensure
that those actions were conducted in a manner subject to, prescribed by and permitted by
"applicable law", thus breaching the Mortgages for failing to first comply with the terms of the
mortgage prior to exercising the power of sale.

261.    As such, the notices, publications, foreclosures and sales are in breach of the terms of
paragraph 22 of the Mortgage contracts due to Defendants' failure to foreclose and sell in the
manner prescribed by, subject to and permitted by "applicable law". Therefore, the foreclosures
and sales are void, invalid, and without force or effect, for Defendants' failure to comply with
conditions precedent prior to exercising the Statutory Power of Sale. (See: Martins v. Federal
Housing Finance Agency, et al., C.A. No. 15-235-M-LDA, United States District Court, D. RI
(Oct. 2016)). (See Also: In re Demers, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014)).

262.    The mortgage contract entered into by the Plaintiffs constitutes valid offers.

263.    Upon the Plaintiffs executing those mortgage contracts and giving them to their Lenders/
Mortgagee, their Lenders. Mortgagees accepted those offers.

264.    Alternatively, the Plaintiffs and execution of those mortgage contracts thereby giving
security interests in their property to their Lenders/Mortgagees constitute offers.  Acceptance of
those offers occurred when Defendants accepted payments made by the Plaintiffs pursuant to their
mortgage contracts.

265.    The mortgage contracts were supported by consideration.  The Plaintiffs' payments to Defendants constitutes consideration.

266.    The Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

267.    Defendants breached the mortgage contracts made with the Plaintiffs by refusing to honor the terms of the mortgage contracts by failing to abide by "applicable law" when foreclosing and conducting mortgagee's foreclosure sales.

268.    There was no compliance with the terms of the mortgages to exercise the statutory power of sale as indicated above.

269.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to exercise the statutory power of sales and notice, publish, foreclose and sell at mortgagee's sale the properties of the Plaintiffs. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Plaintiffs, resulting in damages to the Plaintiffs.

270.    As a result of the Defendants' improper and invalid notices, publications, and exercise of the statutory power of sale and purported foreclosure sale, the Defendants collected from the Plaintiffs' mortgage loan accounts fees and costs and expenses for illegal and unlicensed servicing fees and advances that were not permitted by applicable law including but not limited to certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

271.    The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendants in noticing and seeking to conduct and/or conducting foreclosures and sales

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 171 of 179 PageID #: 268

without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

272.    The Plaintiffs have also incurred mental and emotional injuries and damages due to the improper foreclose and sale of their properties by Defendants without first complying with "applicable law" as a conditions precedent to the Statutory Power of Sale as required by the mortgages of the Plaintiffs.

273.    The Plaintiffs have suffered harm and are threatened with additional harm from Defendants breaches, including but not limited to higher principal balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default.

274.    The Defendants breaches of contract and failure to comply with the condition precedent as noted herein above, are the direct cause of the harms alleged herein and not the Plaintiffs' failure to make their mortgage payments.

275.    Therefore, the Plaintiffs would not have suffered the foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract and failure to comply with "applicable law" as a conditions precedent as required by the mortgage of the Plaintiffs as noted herein.

276.    The Plaintiffs and members of the class are entitled to damages for the untimely loss of their property that was caused by the Defendant's failure to comply with applicable law.  See. Andrade v. Ocwen Loan Servicing, LLC, C.A. Nos. 18-385 WES, 20-032 WES, 20-036 WES, 20-037 WES, 20-040 WES, 20-063 WES, 20-416 WES, (Dist. Ct. D, RI, May 25, 2021).

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 172 of 179 PageID #: 269

277.    The unauthorized and wrongful foreclosure sale and deed resulted in damages to the Class Plaintiffs for the use and occupancy values of the properties, the current fair market values of their properties, loss of equity and higher deficiency balances of their loans, moving costs, rents, costs and expenses to live elsewhere.

278.    The Plaintiffs are entitled to a declaratory judgment determining that the notices, publications, foreclosures, and mortgagee's foreclosure sales of their properties are void due to the Defendants' failure to comply with the condition precedent obligations to notice, foreclose, and sell in a manner prescribed by and permitted by "applicable law", pursuant to the mortgage contracts.

279.    The Plaintiffs are entitled to cancellation of costs and fees assessed to him for wrongful foreclosure, together with additional damages.

280.    The Plaintiffs are entitled to be returned to their status and circumstances prior to the foreclosure, and sale of their properties.

281.    The Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## BREACH OF CONTRACT FOR ILLEGAL AND UNLICENSED SERVICING FEES AND ADVANCES

282.    The Representative Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

283.    Class Plaintiffs aver that Caliber and U.S. Bank collected illegal and unlicensed servicing fees and advances in breach of the mortgage which states that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of

the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

284.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing fees and advances yielded from members of the class Plaintiffs accounts were subject to R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall be credited to the principal balance of the loan then due and owing or paid to the debtor, at the option of the holder of the loan".

285.    On or about July 1, 2014, the Governor of Rhode Island signed into law R.I.G.L. § 19-14.11-1 which became effective July 1, 2015. Said statute requires that all third-party residential mortgage servicers be licensed by the Rhode Island Department of Business Regulation Division of Banking. R.I.G.L. § 19-14.11-1 states:

> § 19-14.11-1 License required. [Effective July 1, 2015.]. – (a) No person shall act as a third-party loan servicer, directly or indirectly, for a loan to a Rhode Island borrower without first obtaining a license under this chapter from the director or the director's designee.

286.    R.I.G.L. § 19-14-1 (39) defines a "Third Party Loan Servicer" in relevant part as an "entity that owns the servicing rights to a loan secured by residential real estate located in Rhode Island whether or not that owner services the loan themselves or contracts with another person or entity for the servicing".

287.    R.I.G.L. § 19-14-1 (33) defines "Servicing" in relevant part as "receiving a scheduled, periodic payment from a borrower pursuant to the terms of a loan, including amounts for escrow accounts and making the payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower *as may be required pursuant to the terms of the servicing loan documents or servicing contract"*.

288.    Upon information and belief, after R.I.G.L. § 19-14.11-1 was passed, on or about October 28, 2014, the Defendants, Caliber and U.S. Bank, entered into two Securitization Servicing Agreements, which granted Caliber ownership of the servicing rights of the Class Plaintiffs' residential mortgage loans.  The Agreement identified Caliber as the "Servicer", Volt XXVII, LLC as the "Issuer", LSF8 Master Participation Trust and/or LSF9 Master Participation Trust as "Participation Agent[s]", Wells Fargo Bank as "Paying Agent", the Defendant, U.S Bank, as the "Indenture Trustee" and Volt XXVII Asset-Backed Notes, Series 2014-NPL7 as the actual name of the Trust that held the residential mortgage loans of the Class Plaintiffs.

289.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Class Plaintiffs' loans, was responsible for receiving scheduled periodic payments of principal, interest and escrow on the Class Plaintiffs' loans, as well as "making payments to the owner of the loan or other third party of principal and interest and other payments with respect to the amounts received from the borrower".

290.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer of the Class Plaintiffs' loans, was responsible for initiating and effectuating foreclosure proceedings consistent with applicable law, upon the Class Plaintiffs' defaults', with U.S. Bank's consent. Furthermore, Caliber, as third-party loans servicer, was required to make payments for out-of-

pocket costs, including but not limited to, foreclosure and eviction fees and foreclosure and eviction expenses pursuant to the Servicing Agreement.

291.    Pursuant to the terms of the Servicing Agreement, Caliber, as third-party loan servicer, and U.S. Bank as Lender, collected illegal and unlicensed servicing fees and advances during the period of Caliber's non-licensure based on a percentage of the principal balance of the Class Plaintiffs' loans in the pool of loans owned by the Trusts.

292.    The illegal and unlicensed servicing fees and advances consisting of a yearly percentage of the principal balance of the Class Plaintiffs loans in the Trusts, were collected by the Defendants from the monthly payments of the loans and/ or were collected from the liquidation proceeds of the mortgages when the properties were foreclosed on

293.    Additionally, Caliber, as third-party loan servicer, and U.S. Bank as Lender charged illegal and unlicensed servicing fees and advances to the Plaintiffs' accounts including but not limited to, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees.

294.    Plaintiff avers that Caliber and U.S. Bank collected these servicing fees and advances in breach of the mortgage which states at Paragraph 14, or a similar mortgage provision, that such collections were "expressly prohibited" by "the Security Instruments or by Applicable Law" as, according to the language of the mortgages, such illegal and unlicensed servicing fees and advances are "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower".

66

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA     Document 3     Filed 03/29/24     Page 176 of 179 PageID
#: 273

295.    Representative Plaintiffs aver that such illegal and unlicensed third-party-loan-servicing

fees and advances yielded from members of the Class Plaintiffs accounts were subject to R.I.G.L.

§ 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) which states that "[I]n the case of any unlicensed

transaction involving lending. . ., the amount of interest, fees, or charges previously collected shall

be credited to the principal balance of the loan then due and owing or paid to the debtor, at the

option of the holder of the loan".

296.    Based on the above-noted statutory language, mortgage language and terms of the

Servicing Agreement between Caliber and U.S. Bank, Caliber was undoubtedly "act[ing" as a

"third-party loan servicer" without a license when Caliber collected such unlicensed servicing fees

and advances and initiated and effectuated foreclosure proceedings on the Class Plaintiffs'

residential properties.

297.    In furtherance of such unlicensed foreclosure activity, Caliber attempted to collect periodic

payments from Class Plaintiffs by sending periodic mortgage statements, causing to be sent Class

Plaintiffs notices of default/ acceleration, instructed, hired and made payments to attorneys,

auctioneers and publications to foreclose on the Class Plaintiffs' residential properties and paid for

all costs of foreclosure and eviction as an unlicensed third-party loan servicer on the Class

Plaintiffs' residences with Defendant, U.S. Bank's consent.

298.    The above-noted unlicensed activity constituted "Prohibited acts and practices" for "Third-

Party Loan Servicers" under R.I.G.L. § 19-14.11-4(14) which states "[I]t is a violation of this

chapter for a person to: Knowingly or recklessly facilitate the illegal foreclosure of real property

collateral".

299.    The above-noted unlicensed activity also constituted "Prohibited acts and practices" for

"Third-Party Loan Servicers" under R.I.G.L. § 19-14.11-4(17) which states "[I]t is a violation of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 177 of 179 PageID #: 274

this chapter for a person to: Conduct any business covered by this chapter without holding a valid license as required under this chapter, or assist, or aid and abet, any person in the conduct of business under this chapter without a valid license ad required under this chapter.

300.    Further, R.I.G.L. § 19-14-26 sets criminal penalty for violations of R.I.G.L. Title 19, and states:

> § 19-14-26. Penalty for violations.
>
> Any person and the several members, officers, directors, agents, and employees of any person who violate or participate in the violation of any of the applicable provisions of this title, or any regulation promulgated under this title, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000) or by imprisonment not exceeding one year, or both. Each violation constitutes a separate offense. Complaints under the provisions of this chapter may be made by the director, or the director's designee, and shall not be required to give surety for costs. The attorney general shall prosecute all complaints under this chapter.

301.    The Representative Plaintiffs allege that at the time the Caliber collected servicing fees and advances it was not a licensed third-party servicer on behalf of U.S. Bank in the State of Rhode Island pursuant to R.I.G.L. § 19-14.11-1 and R.I.G.L. § 19-14.26-1(b) and that Caliber's collection of such fees without "first obtaining a license" were violations of the condition precedent that it must first obtain a license in accordance with the applicable law provisions of said mortgages, as such actions were classified as misdemeanor crimes and not permitted by applicable law.

302.    The mortgage contract entered into by the Class Plaintiffs constitutes valid offers.

303.    Upon the Class Plaintiffs executing those mortgage contracts and giving them to their Lenders/ Mortgagee, their Lenders. Mortgagees accepted those offers.

304.    Alternatively, the Class Plaintiffs and execution of those mortgage contracts thereby giving security interests in their property to their Lenders/Mortgagees constitute offers. Acceptance of

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 178 of 179 PageID
#: 275

those offers occurred when Defendants accepted payments made by the Class Plaintiffs pursuant to their mortgage contracts.

305.    The mortgage contracts were supported by consideration.  The Class Plaintiffs' payments to Defendants constitute consideration.

306.    The Class Plaintiffs, and Defendants thereby formed a valid contract and the Plaintiffs and were, are, and remain ready willing and able to perform under the contract.

307.    Defendants breached the mortgage contracts made with the Class Plaintiffs by charging and collecting illegal unlicensed servicing fees and advances pursuant R.I.G.L. § 19-14.11-1 and R.I.G.L. § 19-14.26-1(b) which are applicable laws pursuant to the terms of the mortgage contracts which state that "subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower.

308.    Due to these failures to comply with the terms of the mortgages, no entity was contractually authorized to charge or collect such fees, including but not limited to servicing fees and advances, inspection fees, convenience fees, attorneys fees, REO BPO fees, appraisal fees, maintenance fees, eviction and wire fees. These actions constitute a breach of contract, and failure to abide by conditions precedent as stated in the mortgages of the Class Plaintiffs, resulting in damages to the Class Plaintiffs.

309.    The Class Plaintiffs in the servicing fee class consist of all residential mortgage loan accounts in which the Defendants collected illegal and unlicensed servicing fees and advances in violation of R.I.G.L. § 19-14.11-1 as well as R.I.G.L. § 19-14-26.1(b) regardless of whether or not

Case Number: PC-2024-00597
Filed in Providence/Bristol County Superior Court
Submitted: 1/31/2024 9:09 AM
Envelope: 4466402
Reviewer: Dianna J.

Case 1:24-cv-00117-MSM-LDA    Document 3    Filed 03/29/24    Page 179 of 179 PageID #: 276

the properties were foreclosed on and whose mortgages contain the above provision or similar language that the Defendants' and mortgages are subject to "applicable law"

310.    Class Plaintiffs aver that the Defendants collected illegal and unlicensed servicing fees and advances from the mortgage loan that were taken from the interest and liquidation proceeds of the foreclosure on the Plaintiffs' property as well as illegally yielded from the Class Plaintiffs' loan accounts.  Such unlicensed fees were caused by the Defendants' breach and should be credited to the Class Plaintiffs as damages in accordance with the terms of the Mortgages as well as R.I.G.L. § 19-14-26.1(b).

Dated: January 31, 2024

Respectfully Submitted,
The Representative Plaintiffs,
By their Attorney,
/s/ *Todd S. Dion*
Todd S. Dion Esq. (#6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com